**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND LTD., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> - against – <br><br> CREDIT SUISSE GROUP AG, JPMORGAN CHASE & CO., THE ROYAL BANK OF SCOTLAND PLC, UBS AG AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-0871 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LOWEY DANNENBERG COHEN & HART, P.C. AS INTERIM CLASS COUNSEL**

## INTRODUCTION

On February 5, 2015, Plaintiff Sonterra Capital Master Fund Ltd ("Plaintiff"), by its attorneys, Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg"), filed a complaint ("Complaint") against Credit Suisse Group AG ("Credit Suisse"), JPMorgan Chase & Co. ("JPMorgan"), The Royal Bank of Scotland plc ("RBS"), UBS AG ("UBS") and John Doe Nos. 1-50 (collectively, "Defendants") alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* ("CEA"), the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") and common law on behalf of itself and a putative class comprised of all persons or entities that engaged in U.S.-based transactions in financial instruments that were priced, benchmarked, and/or settled to the Swiss Franc London Interbank Offered Rate ("Swiss Franc LIBOR") at any time from at least January 1, 2005 through at least December 31, 2009.

On February 18, 2015, this Court entered an order concerning the initial pretrial conference in this matter, which was set for April 17, 2015 and subsequently held on April 29, 2015. (Dkt. No. 3.) Among other things, the February 18, 2015 Order directed the parties to "appear prepared to discuss the progress of the case and the scheduling of discovery proceedings, any dispositive motions, the feasibility of settlement or alternative dispute resolution, the dates for future conferences, and the submission of a joint pretrial order." *Id.* Accordingly, Lowey Dannenberg, on Plaintiff's behalf and on behalf of the class, negotiated an agreed-upon scheduling order with Defendants to address the filing of an amended complaint and any motion(s) to dismiss. The Court entered this order on April 29, 2015. (Dkt. No. 23.)

Because Lowey Dannenberg has already taken the lead and will continue to lead in negotiating these and other issues on behalf of the class, it is appropriate for the Court to now consider the appointment of Interim Class Counsel. Therefore, Plaintiff respectfully moves this

Court for the appointment of Lowey Dannenberg as Interim Class Counsel for Plaintiff and the putative Class, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(g)(3).[1]

## ARGUMENT

I. **APPOINTMENT OF LOWEY DANNENBERG AS INTERIM CLASS COUNSEL IS IN THE BEST INTEREST OF THE CLASS**

   A. **Under the Fed. R. Civ. P. 23(g) criteria, Lowey Dannenberg is both adequate and best able to represent the interests of the Class.**

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This mechanism provides certainty to all involved in the litigation, the Court, defendants, and plaintiffs, as to who has the authority to act on behalf and bind the plaintiffs and class members, and permits the putative class action to proceed in an orderly and efficient manner. Thus, it is standard practice in class actions for courts to appoint interim class counsel. *See* Manual for Complex Litigation (Fourth) § 21.11 (2004).

Neither Rule 23(g) nor any part of Rule 23 explicitly states specific criteria that govern the appointment of interim class counsel. Therefore, in selecting interim class counsel, courts typically look to the specific criteria of Rule 23(g)(1)(A) governing the selection of class counsel. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 08 M.D.L. 1963 (RWS), 2008 U.S. Dist. LEXIS 106327, at *36, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009). The Rule 23(g)(1)(A) criteria are:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

---

[1] Plaintiff has conferred with Defendants concerning its request and has been informed that Defendants take no position on the appointment of Interim Class Counsel.

2

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). None of these factors is individually determinative; they are intended to provide a framework for the Court to analyze and determine whether counsel can fairly and adequately represent the class. Further, the Court, in its discretion, may consider any other criteria it deems pertinent to evaluate counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B).

For the reasons set forth below, Plaintiff respectfully submits that Lowey Dannenberg is more than capable to fairly and adequately represent the Class under the Rule 23(g) criteria.

1. **Rule 23(g)(1)(A)(i): Lowey Dannenberg has performed extensive work developing the Class' claims and the allegations supporting the claims in this action.**

Lowey Dannenberg investigated and filed the action on February 5, 2015. The allegations in the complaint are detailed and reflect careful and considered judgments concerning the scope of the Class, the Defendants named, as well as the claims asserted. As part of its extensive investigation, Lowey Dannenberg, among other things, (a) conducted detailed factual and legal research in order to allege the best possible claims in the Complaint; (b) reviewed Swiss Franc LIBOR-based derivatives prices and pricing and other relevant market data; (c) performed in-depth economic analysis using its own proprietary software to analyze thousands of data points, including bids, offers, and transaction prices of Swiss Franc LIBOR-based derivatives during the Class Period; (d) consulted with market participants; (e) investigated the Defendants' conduct; and (f) consulted prior legal research developed in numerous successful Sherman Act, CEA and RICO class actions and used to lead the prosecution of other benchmark rate and commodity manipulation class actions in this District, among them:

3

- *Laydon v. Mizuho Bank, Ltd. et al.*, Case No. 12-cv-03419 (GBD) (S.D.N.Y.) ("*Euroyen Litig.*"), alleging the intentional and systematic manipulation (through false reporting and other unlawful means) of the London Interbank Offered Rate for the Japanese Yen ("Yen-LIBOR") and the Tokyo Interbank Offered Rate ("Euroyen TIBOR") by some of the world's largest financial institutions, including Deutsche Bank AG ("Deutsche"), JPMorgan, RBS, and UBS;

- *Sullivan v. Barclays PLC et al.*, Case No. 13-cv-02811 (S.D.N.Y.) ("*Euribor Litig.*"), alleging the intentional and systematic manipulation of the Euro Interbank Offered Rate ("Euribor") by Deutsche, RBS, and UBS, among others;

- *In re: London Silver Fixing Ltd., Antitrust Litigation*, Case No. 14-md-2573 (VEC) (S.D.N.Y.), alleging the manipulation of the London Silver Fix, a global benchmark that impacts the value of more than $30 billion in silver and silver financial instruments traded each year; and

- *In re Natural Gas Commodity Litig.*, 03-cv-6186 (VM) (S.D.N.Y.), alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers.

Since the filing of this action, Lowey Dannenberg has worked efficiently and effectively in advancing the interests of the putative Class. These efforts include, among other things, (a) continuing to build on Lowey Dannenberg's pre-complaint investigation; (b) conducting additional economic analyses of Swiss Franc LIBOR-based derivatives prices and pricing, and other relevant market data during the Class Period; and (c) performing additional investigative tasks and market analysis. Lowey Dannenberg will file an amended complaint on behalf of Plaintiff and the Class that names additional defendants and asserts more detailed allegations it has developed during its continuing investigation.

**2. Rule 23(g)(1)(A)(ii): Lowey Dannenberg has extensive experience in handling the types of claims asserted in this action.**

Lowey Dannenberg is presently prosecuting or has successfully prosecuted, as court appointed lead or co-lead class counsel or individual plaintiff's counsel, numerous complex actions involving manipulation, false reporting and other restraints of trade in the setting of global financial benchmarks. *See, e.g.*:

- *Laydon v. Mizuho Bank, Ltd. et al.*, Case No. 12-cv-03419, Dkt. No. 99 (Aug. 29, 2012) (S.D.N.Y.) (appointing Lowey Dannenberg as sole lead class counsel representing major institutional investors, including the California State Teachers' Retirement System ("CalSTRS")[2] in litigation arising from the manipulation of Euroyen TIBOR and Yen-LIBOR by financial institutions);

- *Sullivan v. Barclays PLC et al.*, Case No. 13-cv-02811 (S.D.N.Y.) (Lowey Dannenberg serves as co-counsel for a class of investors asserting CEA, Sherman Act, and common law claims arising from the manipulation of Euribor by financial institutions); and

- *In re: London Silver Fixing Ltd., Antitrust Litigation*, Case No. 14-md-2573, Dkt. No. 17 (November 25, 2014) (S.D.N.Y.) (appointing Lowey Dannenberg co-lead counsel for a class of silver investors, including buyers and sellers of physical silver and Commodity Exchange Inc. ("COMEX") silver futures contracts, pursuing antitrust claims against banks that allegedly colluded to fix the price of silver and silver financial instruments).

In addition, Lowey Dannenberg has successfully prosecuted as court appointed lead or co-lead class counsel or individual plaintiff's counsel, the most significant and complex commodity manipulation actions since the enactment of the CEA. *See, e.g.*:

- *In re Sumitomo Copper Litigation*, Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.) ("*Sumitomo*"). Lowey Dannenberg, as one of three executive committee members leading the prosecution, achieved a settlement on behalf of the certified class of COMEX copper futures traders in excess of $149 million, the largest class action recovery in the history of the CEA;

- *Hershey v. Pacific Investment Management Corp.*, Case No. 05-C-4681 (RAG) (N.D. Ill.) ("*Pimco*"). Lowey Dannenberg served as counsel to certified class representative Richard Hershey in an action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-Year Treasury Note futures contracts, which settled for $118.75 million, the second largest recovery in the history of the CEA;

- *In re Natural Gas Commodity Litigation*, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.) ("*In re Natural Gas*"). Lowey Dannenberg served as co-lead counsel in this certified CEA class action alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers whose natural gas price indices were used to price and settle hundreds of millions of dollars in exchange traded natural gas derivatives. Lowey Dannenberg achieved recoveries in excess of $101 million on behalf of a certified class of New York Mercantile Exchange

---

[2] CalSTRS is the largest U.S. teachers' retirement fund, with approximately $188.3 billion in assets under management and nearly one million members.

Inc. ("NYMEX") natural gas futures and options traders. This was the third largest commodity manipulation class action recovery in the history of the CEA; and

- ***In re Amaranth Natural Gas Commodities Litigation***, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) ("*Amaranth*"). Lowey Dannenberg served as co-lead counsel in this certified CEA class action alleging manipulation of NYMEX natural gas futures and options contracts in 2006 by Amaranth LLC, one of the country's largest hedge funds, prior to its widely-publicized multi-billion dollar collapse in September 2006. Lowey Dannenberg achieved settlements totaling $77.1 million, more than ten times the amount recovered by the Federal Energy Regulatory Commission ("FERC") and the Commodity Futures Trading Commission ("CFTC"). The settlements in Amaranth represent the fourth largest commodity manipulation class recovery in the history of the CEA.

3. **Rule 23(g)(1)(A)(ii): Lowey Dannenberg has extensive experience handling other types of class actions and complex litigation.**

In addition to Lowey Dannenberg's extensive experience and success in actions involving manipulation and restraints of trade of commodity and commodity futures markets, Lowey Dannenberg has represented sophisticated clients in complex litigation for the past 40 years involving federal securities, antitrust and RICO violations, for which Lowey Dannenberg has achieved recoveries in excess of one billion dollars. These clients include Fortune 100 companies such as Aetna Inc., Anthem, Inc., CIGNA, Horizon BC/BS of New Jersey, Humana Inc., and Verizon, Inc., as well as the nation's largest pension funds, *e.g.*, CalSTRS, the New York State Common Retirement Fund and New York City Pension Funds, and sophisticated institutional investors, including Federated Investors, Inc., an investment firm with more than $341 billion in assets under management. In the 2013 and 2014 editions of *Corporate Counsel* magazine's "In House Law Departments at the Top 500 Companies," Lowey Dannenberg is identified as a "Go-to Law Firm" for litigation services by its longtime clients Aetna Inc. and Humana Inc.

Recent representative cases of Lowey Dannenberg's experience in other complex litigation include:

- *Norfolk County Retirement System v. Community Health Systems, Inc. et al.*, Case No. 11-cv-433 (M.D. Tenn.). Lowey Dannenberg represents New York City Pension Funds and was appointed Lead Counsel in a securities fraud class action matter; and

- *In re Wellbutrin XL Antitrust Litigation*, Case No. 08-cv-2431 (MAM) (E.D. Pa.). Lowey Dannenberg is currently Co-Lead Counsel for a certified litigation class of end payors in an antitrust suit related to "pay for delay" claims involving Wellbutrin XL.

    4. **Rule 23(g)(1)(A)(iii): Through its many cases, Lowey Dannenberg has developed extensive knowledge of the applicable laws involved in litigating this action.**

The best indicator of an attorney's knowledge of the applicable law is the attorney's experience with such law. Lowey Dannenberg's institutional knowledge of the law applicable to the claims asserted here is reflected in its extensive experience in successfully prosecuting complex commodity manipulation and antitrust cases. Lowey Dannenberg's experience in leading financial benchmark and commodity manipulation litigation is second to none.

Moreover, beyond the actual claims themselves, Lowey Dannenberg is skilled at the substantive and procedural "nuts and bolts" of managing complex litigation. For example, Lowey Dannenberg is well-versed in the various discovery issues that may be raised in the course of this type of litigation, particularly given the claims likely involve international discovery components, and how to address them. Lowey Dannenberg has implemented strategic electronic discovery plans and has dealt with international discovery disputes involving foreign data privacy and foreign privilege objections. Lowey Dannenberg's *Euroyen Litig.* case will be the first of the LIBOR benchmark manipulation cases to proceed to discovery (commencing on May 15, 2015). Lowey Dannenberg's legal and practical knowledge will benefit the Class.

## 5. Rule 23(g)(1)(A)(iv): Lowey Dannenberg will commit more than ample resources to representing the Class.

Lowey Dannenberg has over 40 years of experience in prosecuting and funding complex class action litigation. The firm has advanced millions of dollars on behalf of the classes it has represented, is currently well-capitalized, and is prepared to advance similar substantial sums in the prosecution of this case.

Lowey Dannenberg are experienced class litigation attorneys. Vincent Briganti and Geoffrey Horn lead Lowey Dannenberg's commodity litigation practice. Together, they have over thirty years of experience prosecuting CEA cases and have been responsible for some of the largest CEA recoveries in history. They are considered experts in financial benchmark and commodity manipulation litigation and will be leading Lowey Dannenberg's effort in this case along with a team of lawyers. Lowey Dannenberg has also developed its own proprietary software to analyze data relating to LIBOR manipulation and has used it in other cases, giving it a significant advantage in analyzing Defendants' conduct. The firm is prepared to bring all these resources to bear in this litigation.

## 6. The Rule 23(g)(1)(B) discretionary factors also favors appointment of Lowey Dannenberg.

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Through its extensive multi-decade experience prosecuting commodity manipulation actions, Lowey Dannenberg has developed significant relationships with industry experts, economists, sophisticated futures market participants, former exchange officials (including past NYMEX Directors), regulatory personnel, and settlement administration experts. Lowey Dannenberg's extensive relationships combined with the firm's litigation experience gives it a

significant knowledge advantage that facilitates the successful prosecution of commodity and futures markets class actions, such as this one.

## **CONCLUSION**

For the stated reasons, this Court should enter the Order Appointing Interim Class Counsel and appoint Lowey Dannenberg as Interim Class Counsel for Plaintiff and the proposed Class.

Dated: May 1, 2015

Respectfully submitted,

**LOWEY DANNENBERG COHEN & HART, P.C.**

By: */s/ Geoffrey M. Horn*
Geoffrey M. Horn
Vincent Briganti
Peter St. Phillip
Sitso W. Bediako
Raymond Girnys
Christian P. Levis
1 North Broadway, 5th Floor
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: ghorn@lowey.com
vbriganti@lowey.com
pstphillip@lowey.com
sbediako@lowey.com
rgirnys@lowey.com
clevis@lowey.com

*Counsel for Plaintiff and Proposed Interim Class Counsel*