# CAHILL GORDON & REINDEL LLP
## EIGHTY PINE STREET
## NEW YORK, NY 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
BRADLEY J. BONDI
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

BART FRIEDMAN
CIRO A. GAMBONI
CHARLES A. GILMAN
JASON M. HALL
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
BRIAN S. KELLEHER
DAVID N. KELLEY
RICHARD KELLY
CHÉRIE R. KISER*
EDWARD P. KRUGMAN
JOEL KURTZBERG
MARC R. LASHBROOK

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3120

ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
ANN S. MAKICH
JONATHAN I. MARK
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
ATHY A. O'KEEFFE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
MICHAEL W. REDDY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY

JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

August 26, 2015

Re:  *Sonterra Capital Master Fund Ltd., et al. v. Credit Suisse Group AG, et al.*, Case No. 15-CV-0871 (SHS)

Dear Judge Stein:

  We are counsel for Defendants Credit Suisse Group AG and Credit Suisse AG and submit this letter on behalf of certain Foreign Defendants[1] in opposition to Plaintiffs' letter request for jurisdictional discovery. Dkt. No. 78 ("Pl. Letter"). As detailed in the Foreign Defendants' Rule 12(b)(2) motion to dismiss (Dkt. No. 64, "Personal Jurisdiction Motion") and the BlueCrest Motion, the Amended Complaint fails to establish a *prima facie* showing of personal jurisdiction over the Foreign Defendants. But rather than address the Foreign Defendants' legal arguments, Plaintiffs seek to bypass briefing altogether and go straight to discovery hoping to salvage their complaint. Plaintiffs' request for discovery should be denied. Plaintiffs should respond to the Foreign Defendants' motions on the briefing schedule the Court previously ordered (Dkt. No. 34).

  As a preliminary matter, Plaintiffs are wrong on personal jurisdiction procedural law in several key areas. First, Plaintiffs fail to appreciate that it is their burden to establish jurisdiction—not the Foreign Defendants' burden to disprove it. Plaintiffs suggest they should be permitted jurisdictional discovery to "challenge Defendants' evidence" based upon their "justifiable suspicion." Pl. Letter at 2. The Second Circuit could not be more clear on burden: "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano* v. *Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

  Absent a *prima facie* showing, Plaintiffs are not entitled to jurisdictional discovery. *See Rates Technology* v. *Cequel Communications, LLC*, 15 F. Supp. 3d 409, 420 (S.D.N.Y. 2014) ("Where a plaintiff has failed to state a *prima facie* case for personal jurisdiction, the Second Circuit has held it is not entitled to jurisdictional discovery.") (citing *Jazini* v. *Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)). Plaintiffs themselves recognize that "[t]he Court has the discretion to determine whether Plaintiffs have adequately plead [sic] personal jurisdiction facts and not allow for discovery and a hearing." Pl. Letter at 2. In their motions to dismiss for lack of personal jurisdic-

---

[1] Credit Suisse Group AG, Credit Suisse AG, Deutsche Bank AG, Deutsche Bank Group Services (UK) Ltd., The Royal Bank of Scotland plc, UBS AG, and BlueCrest Capital Management, LLP. BlueCrest filed a separate motion to dismiss under both Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (*see* Dkt. No. 75, "Blue Crest Motion") but joins in this opposition to jurisdictional discovery and is filing today a separate letter regarding matters specific to BlueCrest.

tion, Foreign Defendants demonstrate Plaintiffs have not made a *prima facie* showing. Plaintiffs must demonstrate that they have met their burden or they are subject to dismissal without jurisdictional discovery. *See, e.g., Jazini*, 148 F.3d at 186 ("Since [plaintiffs] did not establish a *prima facie* case that the district court had jurisdiction over Nissan Japan, the district court did not err in denying discovery on that issue."); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) ("We conclude that the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a *prima facie* case for jurisdiction."); *Laydon v. Mizuho Bank, Ltd.*, 2015 WL 1515358, at *7 (S.D.N.Y. Mar. 31, 2015) (dismissal without jurisdictional discovery); *Rates Technology*, 15 F. Supp. 3d at 420 (same).

Second, Plaintiffs incorrectly contend that "this Court simply may not consider any of the PJ Defendants' evidence." Pl. Letter at 2. (emphasis omitted). Under controlling Second Circuit precedent, this Court may consider the pleadings and affidavits submitted by the parties without conducting a "full blown evidentiary hearing." *DiStefano*, 286 F.3d at 84. Indeed, even the case upon which Plaintiffs rely, *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.* (*see* Pl. Letter at 2), recognizes that very principle: "Nor did the district court err in considering materials outside the pleadings, as we have made clear that a district court may do so without converting a motion to dismiss for lack of personal jurisdiction into a motion to summary judgment." 722 F.3d 81, 86 (2d Cir. 2013).

On the merits of Plaintiffs' request, Plaintiffs fail to overcome Foreign Defendants' legal arguments that the personal jurisdiction issue can be decided based upon the record before the Court. Tellingly, Plaintiffs fail to acknowledge that all other courts in this district considering personal jurisdiction challenges in other LIBOR matters have done so without jurisdictional discovery. *See In re LIBOR-Based Financial Instruments Antitrust Litigation*, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015) ("*LIBOR IV*") (USD LIBOR); *7 West 57th Street Realty Co. v. Citigroup Inc.*, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) (USD LIBOR); *Laydon*, 2015 WL 1515358 (Yen LIBOR). All of those decisions have either entirely or largely granted defendants' motions to dismiss. Plaintiffs ignore these decisions, despite Foreign Defendants' citations to these cases in the Personal Jurisdiction Motion and despite the fact that Plaintiffs' counsel here is also counsel in *Laydon*, where Judge Daniels denied those plaintiffs' request for jurisdictional discovery. 2015 WL 1515358, at *7. Discovery is not warranted here for similar reasons.

No discovery is needed for the Court to assess general jurisdiction. No amount of jurisdictional discovery will change that the Foreign Defendants are incorporated and have their principal place of business outside the United States. To obtain general jurisdiction, Plaintiffs must show that the Foreign Defendants meet the narrow "exceptional case" identified in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). *See* Personal Jurisdiction Motion 7-10. Accompanying the Personal Jurisdiction Motion, the Foreign Defendants (other than BlueCrest) submitted declarations including information about their worldwide operations, which conclusively show they do not even approach *Daimler*'s exceptional case. Plaintiffs do not dispute these declarations and never explain what additional information they need or why they need it. On a remarkably similar record, Judge Buchwald held "***without hesitation***" that Barclays Bank PLC, Credit Suisse AG, Deutsche Bank AG, Royal Bank of Canada, and Royal Bank of Scotland Group PLC—many of whom are movants here and have substantially similar businesses as the other movants—are *not* subject to general jurisdiction in New York. *LIBOR IV*, 2015 WL 4634541, at *21. Judge Rakoff similarly held UBS AG is not subject to general jurisdiction in New York in *SPV OSUS Ltd. v. UBS AG*, 2015 WL 4394955, at *4 (S.D.N.Y. July 20, 2015).

With regard to specific jurisdiction, Foreign Defendants identify several reasons why there is no specific jurisdiction. Personal Jurisdiction Motion at 16-20, 24; BlueCrest Motion at 10-14. As explained in Foreign Defendants' motions (Personal Jurisdiction Motion at 16-18; Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion, Dkt. No. 73, at 6-12; BlueCrest Motion at 2, 4, 20-21), Plaintiffs

CAHILL GORDON & REINDEL LLP

- 3 -

lack standing to assert claims on alleged Swiss franc LIBOR manipulation because they purchased no financial instruments tied to Swiss franc LIBOR. Plaintiffs purchased Swiss franc foreign exchange products, with no reference to Swiss franc LIBOR whatsoever. Thus, alleged Swiss franc LIBOR manipulation is not "suit related" for purposes of specific personal jurisdiction. *See* Personal Jurisdiction Motion at 15-20. Permitting Plaintiffs to take jurisdictional discovery on alleged Swiss franc LIBOR manipulation when they never purchased such a product would truly be to permit a "fishing expedition." *NovelAire Techs., L.L.C. v. Munters AB*, 2013 WL 6182938, at *13 (S.D.N.Y. Nov. 21, 2013).

Moreover, it does not make a difference if Plaintiffs' financial instruments were tied to Swiss franc LIBOR in some way. Judge Buchwald granted motions to dismiss even though USD LIBOR was tied to the derivatives at issue because the defendants' suit-related conduct did not have a substantial connection to the forum where the conduct occurred outside of the United States and the allegedly "false submissions were not intended to affect the value of plaintiffs' portfolios and were not aimed at the United States." *LIBOR IV*, 2015 WL 4634541, at *15.[2] The same is true here.

While Plaintiffs quibble about things like the location of the recipient of a single communication in 2005 (*see* Pl. Letter at 1-2), disputes about those issues do not justify any discovery. Plaintiffs are factually and legally incorrect. The communication at issue took place entirely outside the United States. But no matter where the communication took place, it is not suit-related and therefore not sufficient to extend specific personal jurisdiction over any Foreign Defendant for an alleged 10-year period.

Additionally, many of Plaintiffs' document requests focus on matters entirely irrelevant to the personal jurisdiction question before the Court. For instance, Plaintiffs posit that the Foreign Defendants might have consented to personal jurisdiction in contracts with counterparties *other* than Plaintiffs (who have not themselves produced or provided the terms of a single contract they entered into with any Foreign Defendant). Pl. Letter at 4. But Plaintiffs do not (and cannot) sue on other counterparties' contracts. It is irrelevant whether the Foreign Defendants have other contracts with counterparties entirely unrelated to Plaintiffs. *See, e.g., D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) ("*Parties* can consent to personal jurisdiction . . . .") (emphasis added). This is just one example—but the breadth and scope of Plaintiffs' remaining document requests demonstrate that all Plaintiffs seek here is a "fishing expedition," speculating they might uncover some basis for personal jurisdiction when it is clear that there is no such basis.[3]

The Foreign Defendants respectfully request the Court deny Plaintiffs' request for jurisdictional discovery and order briefing completed consistent with the Court's previous scheduling order.

---

[2] In both the USD LIBOR cases before Judge Buchwald and the Yen LIBOR/Euroyen TIBOR action before Judge Daniels, the plaintiffs had allegedly purchased financial instruments that were interest rate products explicitly tied to those currencies' LIBOR. *See, e.g., In re LIBOR-Based Financial Instruments Antitrust Litigation*, 935 F. Supp. 2d 666, 681-683 (S.D.N.Y. 2013) (plaintiffs' products included, e.g., interest rate swaps, debt securities "where that interest rate was payable at a rate expressly linked to U.S. Dollar Libor rate," Eurodollars "which rate is defined as the USD three-month LIBOR fix on the contract's last trading day"); *Laydon v. Mizuho Bank, Ltd.*, 2014 WL 1280464, at *2 (S.D.N.Y. Mar. 28, 2014) ("final settlement price of a Three-month Euroyen TIBOR futures contract is defined as cash settlement to 100 minus the Three-month TIBOR rate").

[3] The requests are also overbroad, burdensome, and impermissibly seek merits discovery. For example, Plaintiffs request all communications with interdealer brokers, Contributor Panel Banks, or other third parties concerning LIBOR submissions and pricing. They also request all documents concerning any employees' control over any aspect of Swiss franc LIBOR derivatives business of any related entity. Foreign Defendants reserve the right to and will provide particularized objections to Plaintiffs' discovery requests—if they issue at all—at an appropriate time following guidance from the Court.

CAHILL GORDON & REINDEL LLP

- 4 -

                                       Respectfully submitted,

                                       Joel Kurtzberg

The Honorable Sidney H. Stein
United State District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

<u>BY ECF</u>

cc:    Counsel of Record