

DOUGLASS B. MAYNARD
+1 212.872.8075/fax: +1 212.872.1002
dmaynard@akingump.com

August 26, 2015

By ECF

The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      Re:    *Sonterra Capital Master Fund Ltd., et al. v. Credit Suisse Group AG, et al.*, 15-cv-00871 (SHS)

Dear Judge Stein:

      On behalf of BlueCrest Capital Management, LLP ("BlueCrest"), we respectfully submit this letter in response to Plaintiffs' request for jurisdictional discovery.  For the reasons set forth in the letter filed today by BlueCrest and the foreign bank defendants ("Foreign Defendants' Letter"), Plaintiffs' request for discovery should be denied.  We write separately to address a few points specific to BlueCrest.

      Plaintiffs contend that discovery is needed given the declarations submitted by certain defendants with their Rule 12(b)(2) motions.  This contention is not only baseless, as explained in the Foreign Defendants' Letter, it is also inapplicable to BlueCrest as it did not submit a fact declaration with its Rule 12(b)(2) motion.  Plaintiffs plead only one purported contact between BlueCrest and the forum, an alleged 2005 message from a BlueCrest employee to a Deutsche Bank employee.  While Plaintiffs assert "on information and belief" that the Deutsche Bank employee was in New York, they fail to describe, as required, the basis for this purported "information and belief," and the sources referenced in the Amended Complaint suggest otherwise.  *See* BlueCrest Mem. Supp. Dismiss 10-12, Aug. 18, 2015, ECF No. 75.[1]

---

[1]    In fact, Deutsche Bank submitted a declaration stating that the employee who had received the 2005 message was employed in London, not New York.  *See* Ifrah Decl. ¶ 2, Aug. 18, 2015, ECF No. 69.  Regardless, even if the 2005 message had been sent to New York, this would be insufficient to establish personal jurisdiction over BlueCrest.  *See* BlueCrest Mem. Supp. Dismiss 12-14.



The Honorable Sidney H. Stein
August 26, 2015
Page 2

      Without apparent irony, Plaintiffs actually contend that the *absence* of a declaration from BlueCrest regarding the location of the Deutsche Bank employee warrants a "justifiable suspicion" that the 2005 message was sent to New York. This argument reveals that Plaintiffs have no basis at all for their allegation that the 2005 message was sent to New York. Plaintiffs cannot shift their burden to BlueCrest by failing to adequately plead jurisdiction and then arguing that jurisdiction should be inferred, and broad jurisdictional discovery granted, because BlueCrest "failed" to submit a declaration.

      Plaintiffs, who clearly have no response to the jurisdictional flaws of their complaint, are asking the court to adjourn motion practice "*sine die*" so the parties can get mired in extensive discovery and endless discovery battles—precisely the costly process that well-founded motions to dismiss, as were filed here, are designed to avoid. The Court should deny Plaintiffs' request, adhere to the briefing schedule and consider Plaintiffs' jurisdictional discovery request in the context of the already-filed motions to dismiss.

      Respectfully submitted,

/s/ Douglass Maynard
Douglass B. Maynard

cc:    Counsel of Record (*via ECF*)