# Akin Gump
STRAUSS HAUER & FELD LLP

JOSEPH BORYSHANSKY
+1 212.872.7492/fax: +1 212.872.1002
jboryshansky@akingump.com

July 28, 2017

<u>By ECF and Hand Delivery</u>

The Honorable Sidney H. Stein
Unites States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG, et al.*,
              No. 15-cv-0871

Dear Judge Stein:

      On behalf of Defendant BlueCrest Capital Management, LLP ("BlueCrest"), we write in response to Plaintiffs' letter of July 20, 2017 regarding the recent Supreme Court decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). BlueCrest joins the arguments of the other Defendants made in Mr. Kurtzberg's letter of July 27, 2017, which further support dismissal of all claims against BlueCrest for lack of personal jurisdiction. We write separately to address a few points specific to BlueCrest.

      Plaintiffs' letter aims its argument at the "Defendants," but it plainly does not apply to BlueCrest. Plaintiffs contend they are identically situated to the in-forum California purchasers in *Bristol-Myers* because they "transacted in a product—Swiss franc LIBOR-based derivatives—that Defendants sell in the forum." Letter at 2. As an initial matter, even if such transactions did occur in the forum, here they are not suit-related and do not confer specific jurisdiction for the reasons set forth in Mr. Kurtzberg's letter. Moreover, Plaintiffs' argument is wholly inapplicable to BlueCrest because Plaintiffs do not actually allege that BlueCrest specifically sold any such products, whether "in the forum" or elsewhere. *See* Am. Compl. ¶¶ 38-41. Plaintiffs also do not allege that BlueCrest "employ[ed] traders and salespeople to develop, manufacture, market, and sell Swiss franc LIBOR-based derivatives," or "deputiz[ed] traders located in the forum to coordinate trading strategies that would financially benefit from Defendants' Swiss franc LIBOR manipulation." Letter at 2.



The Honorable Sidney H. Stein
July 28, 2017
Page 2

     Plaintiffs claim that the "Defendants" utilized their "own U.S. offices to cultivate their Swiss franc LIBOR-based derivatives business and solicit U.S. counterparties, like Plaintiffs, directly." Letter at 3. But again, the complaint contains no allegation supporting this contention with respect to BlueCrest; indeed Plaintiffs do not allege that BlueCrest (as opposed to its non-party affiliates) even has an office in the United States. And while Plaintiffs do allege that BlueCrest is registered with certain U.S. regulators (Am. Compl. ¶ 39), *Bristol-Myers* confirms that such "general connections with the forum are not enough" to establish specific jurisdiction. 137 S. Ct. at 1781. Numerous other authorities support this basic point. *See* BlueCrest Reply 5-6.

     For the reasons set forth in BlueCrest's motion to dismiss, Plaintiffs' claims against BlueCrest should be dismissed for lack of personal jurisdiction. The Supreme Court's decision in *Bristol-Myers*, widely recognized as further narrowing the exercise of personal jurisdiction by the federal courts,[1] only serves to support the dismissal of Plaintiffs' claims.

                                                                          Respectfully,

                                                                          */s/ Joseph Boryshansky*

                                                                       Joseph Boryshansky

Cc: All counsel of record (by ECF)

---

[1] *See, e.g.*, Grant J. Esposito et al., *The Incredible Shrinking Doctrine of Specific Personal Jurisdiction: The U.S. Supreme Court's Decision in Bristol-Myers Squibb Company v. Superior Court of California* (June 20, 2017), Morrison Foerster, https://www.mofo.com/resources/publications/170620-bristol-myers-squibb-company-v-superior-court-california.html; Cleary Gottlieb, *U.S. Supreme Court Holds That State Courts Lack Specific Personal Jurisdiction to Entertain Non-Residents' Claims for Injuries Not Connected to In-State Conduct* (June 20, 2017), https://www.clearygottlieb.com/~/media/cgsh/files/2017/publications/alert-memos/us-supreme-court-holds-that-state-courts-lack-specific-personal-jurisdiction-to-entertain-6-21-17.pdf (noting that "the U.S. Supreme Court further continued its recent trend . . . of narrowing the circumstances in which personal jurisdiction may be exercised over corporate defendants"); Dennis H. Hranitzky et al., *Scotus Addresses Scope of Specific Personal Jurisdiction* (June 2017), Dechert, https://info.dechert.com/10/8867/june-2017/scotus-addresses-scope-of--specific-personal-jurisdiction----corrected.asp?forward=ed3505ca-2e25-45ca-b8b6-d42fbf52519a ("*Bristol-Myers Squibb* represents the third time this term that the Supreme Court has delimited the locations in which corporations may be sued and the Court found jurisdiction lacking in each case").