USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS FUND II, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS OFFSHORE FUND II LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., and FRANK DIVITTO, on behalf of themselves and all others similarly situated,

Plaintiffs,

- against –

CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BLUECREST CAPITAL MANAGEMENT LLP, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, AND JOHN DOE NOS. 1-50,

Defendants.

Docket No. 15-cv-00871 (SHS)

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH JPMORGAN CHASE & CO. AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS

UPON the Stipulation and Agreement of Settlement between Plaintiffs and JPMorgan Chase & Co. ("JPMorgan") dated June 2, 2017 (the "Agreement");

UPON all submissions in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with JPMorgan;

UPON the consent of JPMorgan to the relief requested in such motion; and

UPON all prior proceedings herein.

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1.     Except for the terms defined herein, the capitalized terms used herein shall have the meanings set forth in the Agreement.

2.     The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement, including all exhibits thereto, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Parties and all members of the Settlement Class for purposes of approving the Settlement.

3.     The Court preliminarily approves the Settlement as set forth in the Agreement, as being within the range of what may be found to be fair, reasonable, and adequate to the Settlement Class for the claims against JPMorgan. This is subject to the right of any such member of the Settlement Class to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the action against JPMorgan, and ordering the release of the Released Claims against the Released Parties, should not be entered after due and adequate notice to such Settlement Class. The procedure for such notice to the Settlement Class shall be established in a later order.

4.     The Court finds that the Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that Notice of the Agreement should be given to members of the Settlement Class *at a later date to be set by the Court*. SHS

5.     Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court conditionally certifies the following Settlement Class solely for purposes of the Settlement of the claims against JPMorgan:

> All Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in Swiss Franc LIBOR-Based Derivatives[1] during the period of January 1, 2001 through December 31, 2011 (the "Class Period"). Excluded from the Settlement Class are the Defendants (as defined in the Agreement) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

6.     Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants (as defined in the Agreement) and any parent, subsidiary, affiliate or agent of any

---

[1] "Swiss Franc LIBOR-Based Derivatives" means: (i) a three-month Euro Swiss franc futures contract on the London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) a Swiss franc currency futures contract on the Chicago Mercantile Exchange ("CME"); (iii) a Swiss franc LIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) an option on a Swiss franc LIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) a Swiss franc currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vi) a Swiss franc LIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, Investment Vehicles[2] shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

7. The Court appoints Lowey Dannenberg Cohen & Hart, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court appoints Citibank, N.A. as Escrow Agent for purposes of the Settlement Fund.

9. The Court preliminarily approves the establishment of the Settlement Fund as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

10. Plaintiffs Sonterra Capital Master Fund Ltd., FrontPoint European Fund, L.P., FrontPoint Financial Services Fund, L.P., FrontPoint Healthcare Flagship Enhanced Fund, L.P., FrontPoint Healthcare Flagship Fund, L.P., FrontPoint Healthcare Horizons Fund, L.P., FrontPoint Financial Horizons Fund, L.P., FrontPoint Utility and Energy Fund, L.P., Hunter Global Investors Fund I, L.P., Hunter Global Investors Fund II, L.P., Hunter Global Investors Offshore Fund Ltd., Hunter Global Investors Offshore Fund II Ltd., Hunter Global Investors SRI Fund Ltd., HG Holdings Ltd., HG Holdings II Ltd., and Frank Divitto (collectively, "Plaintiffs") will serve as representatives of such Settlement Class for purposes of the Settlement.

11. The timing, plan, and forms of the Notice to the Settlement Class and the date of the Fairness Hearing before this Court to consider any member(s) of the Settlement Class's objections to final approval of the Settlement and to consider the fairness, adequacy and reasonableness of the proposed Settlement and Agreement shall all be determined by separate order of this Court.

12. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement, whether or not the Settlement shall become final, is or shall be deemed or construed to be an admission, adjudication, or evidence of (i) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of JPMorgan or any Released Party; (ii) the incurrence of any damage, loss, or injury by Plaintiffs or any Person; (iii) the existence or amount of any artificiality; (iv) any fault or omission of JPMorgan in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (v) the propriety of certification of a class other

---

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

3

than solely for purposes of the Settlement. Further, neither this Order, the Agreement, nor the Settlement contained therein, whether or not the Settlement shall become final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Agreement or an action in which the Agreement is asserted as a defense. All rights of JPMorgan and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Agreement.

13. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is or may be used as an admission or evidence that the claims of Plaintiffs lacked merit in any proceeding against anyone other than JPMorgan in any court, administrative agency, or other tribunal.

14. In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, JPMorgan, and the members of the Settlement Class.

15. All proceedings in the action as to JPMorgan, other than proceedings as may be necessary to implement the proposed Agreement or to effectuate the terms of the Agreement, are hereby stayed and suspended until further order of this Court.

16. If the Settlement is terminated pursuant to Paragraph 21 of the Agreement or if the Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

17. All members of the Settlement Class and their legally authorized representatives, unless and until they have submitted a timely request for exclusion from the Settlement Class pursuant to the instructions included in the Class Notice to be approved by this Court (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

18. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights

of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

ENTERED this ____ day of _____, _____.

~~Hon.~~ Sidney H. Stein
United States District Judge

19. The Court has not been provided with enough information at this early stage of the litigation to apply effectively the factors set forth in City of Detroit v. Grinnell Corp., 445 F.2d 448, 463 (2d 1974) to draw final conclusions regarding the fairness, reasonableness and adequacy of the proposed Settlement, especially because no plan of allocation of the proceeds of the settlement has been proposed by the parties or reviewed by the Court. However, in light of the fact that JP Morgan's cooperation with plaintiffs is triggered in party by the entry of this order (Settlement Agreement ¶45), the Court will execute this order of preliminary approval.

N.Y, NY
August 16, 2017

Sidney H. Stein
U.S.D.J.

5