CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| L. HOWARD ADAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | ARIEL GOLDMAN | WWW.CAHILL.COM | BRIAN T. MARKLEY | DARREN SILVER |
| HELENE R. BANKS | JASON M. HALL | | WILLIAM J. MILLER | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | WILLIAM M. HARTNETT | | NOAH B. NEWITZ | RICHARD A. STIEGLITZ JR. |
| DAVID L. BARASH | NOLA B. HELLER | 1990 K STREET, N.W. | MICHAEL J. OHLER | SUSANNA M. SUH |
| LANDIS C. BEST | CRAIG M. HOROWITZ | WASHINGTON, DC 20006-1181 | DAVID R. OWEN | ANTHONY K. TAMA |
| BRADLEY J. BONDI | DOUGLAS S. HOROWITZ | (202) 862-8900 | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| BROCKTON B. BOSSON | TIMOTHY B. HOWELL | | LUIS R. PENALVER | SEAN P. TONOLLI* |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| JAMES J. CLARK | ELAI KATZ | CAHILL GORDON & REINDEL (UK) LLP | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | 24 MONUMENT STREET | MICHAEL W. REDDY | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | LONDON EC3R 8AJ | OLEG REZZY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | +44 (0)20 7920 9800 | JAMES ROBINSON | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | THORN ROSENTHAL | DAVID WISHENGRAD |
| JENNIFER B. EZRING | TED B. LACEY | | TAMMY L. ROY | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | WRITER'S DIRECT NUMBER | JONATHAN A. SCHAFFZIN | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | | JOHN SCHUSTER | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | JOEL H. LEVITIN | | | |

(212) 701-3120

*ADMITTED IN DC ONLY

January 19, 2018

Re:   *Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Group AG, et al.*, No. 15-cv-0871 (S.D.N.Y.)

Dear Judge Stein:

We represent Credit Suisse Group AG and Credit Suisse AG in the above-captioned litigation and write on behalf of the Original Defendants[1] to request that the Court create a uniform briefing schedule for the Original Defendants' and the New Defendants'[2] motions to dismiss the Second Amended Class Action Complaint ("SAC"). Because the Original Defendants and the New Defendants expect that there will be significant overlap in their arguments on their motions to dismiss, a uniform briefing schedule will be the most efficient way to proceed for both the parties and the Court.

As of now, the Original Defendants' motions are due February 7, 2018 (Dkt. 181) and the New Defendants' motions are due April 6, 2018 (Dkt. 192). We request that motions for both the Original Defendants and New Defendants be due on either April 6 or March 7, 2018. The New Defendants do not oppose a uniform briefing schedule provided the motions are due on April 6, 2018 as currently provided for in the January 18, 2018 Stipulation and Order (Dkt. 192). Plaintiffs oppose this request.

---

[1] The Original Defendants are Credit Suisse Group AG, Credit Suisse AG, The Royal Bank of Scotland PLC, UBS AG, Deutsche Bank AG, and DB Group Services UK Limited. The Original Defendants do not include JPMorgan Chase & Co., which has entered into a settlement with Plaintiffs.

[2] The New Defendants are TP ICAP PLC, Tullett Prebon Americas Corp., Tullet Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, Cosmorex AG, ICAP Europe Limited, ICAP Securities (USA) LLC, NEX Group PLC, and Intercapital Capital Markets LLC. The SAC also named two additional Defendants, Gottex Brokers SA and Velcore SA, each of which is alleged to be a Swiss entity. We understand that Plaintiffs have not identified counsel for either Defendant and that they are not expected to be served before Defendants' motions to dismiss are fully briefed.

CAHILL GORDON & REINDEL LLP

- 2 -

On November 30, 2017, this Court adjourned the date by which the Original Defendants needed to respond to the SAC from December 7, 2017 to February 7, 2018 to allow Plaintiffs to serve the New Defendants and, therefore, to permit Defendants to coordinate briefing. Dkt. 181. The New Defendants waived service and received the unredacted 248-page SAC on January 9, 2018.[3] Dkt. 192. Under the original schedule, New Defendants could not respond to the SAC by February 7, 2018, over a month short of the 60-days they would have been entitled to under the rules. Fed. R. Civ. P. 4(d)(3). Plaintiffs agreed to extend the due date for the New Defendants until April 6, 2018, and the Plaintiffs and New Defendants entered a stipulation to that effect, which this Court so ordered on January 18, 2018. Dkt. 192. However, Plaintiffs refused to grant any extensions to the Original Defendants.

The Court should reject Plaintiffs' bifurcated schedule in favor of a uniform briefing schedule, whereby all Defendants would respond to the SAC on April 6 (the New Defendants' current due date) or March 7, 2018 for three reasons. *First*, a unified briefing schedule will allow for coordinated briefing. If the Court adopts Original Defendants' proposed schedule, Defendants will be able to coordinate their briefing as much as possible and reduce the burden on this Court. *Second*, the current schedule would give Plaintiffs an unfair tactical advantage by allowing them to file two opposition briefs — one in opposition to the Original Defendants' motion and one in opposition to the New Defendants' motion — that, because of the expected overlap in the two motions, will likely address many of the same issues. *Third*, assuming that the Court would prefer to hear oral argument by all parties on all motions on the same day (as it did on the motions to dismiss the prior complaint), the current bifurcated briefing schedule in advance of that argument would simply impose an earlier date on the Original Defendants with no real corresponding acceleration of the litigation or efficiency for the parties or the Court.

The only reason the Original Defendants and New Defendants are on separate schedules is because of Plaintiffs' addition of the New Defendants to the action and the resulting delay in achieving a waiver of service and provision of the unredacted SAC to the New Defendants. The Original Defendants should not be disadvantaged because of Plaintiffs' inexcusable delay and failure to comply with the spirit of this Court's November 30, 2017 Order. Original Defendants respectfully request that the Court so order April 6 or March 7, 2018 as the date by which the Original Defendants and New Defendants must move to dismiss or otherwise respond to the SAC.

Respectfully submitted,

Joel Kurtzberg

---

[3] Plaintiffs had no excuse for such delay. Plaintiffs' counsel has litigated against many of the New Defendants in other benchmark litigation cases and the counsel representing all of the New Defendants in this case also represent some of the New Defendants in the other benchmark cases. Nevertheless, Plaintiffs did not contact counsel for the New Defendants until more than a month after they filed the SAC. Dkt. 192.

CAHILL GORDON & REINDEL LLP

- 3 -

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:     Counsel of Record