

January 22, 2018

**VIA ECF**

The Honorable Sidney H. Stein
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Sonterra Capital Master Fund Ltd., et al v. Credit Suisse Group AG, et al*, No. 15-cv-00871

Dear Judge Stein:

      Plaintiffs write to oppose Legacy Defendants'[1] request for a further extension of time to file another motion to dismiss. *See* ECF No. 195. The current schedule, to which Plaintiffs and Legacy Defendants agreed, provides Legacy Defendants with 93 days to move to dismiss the Second Amended Class Action Complaint ("SAC"); they now want to renege on this agreement and request up to an additional 58. The Court should not allow Legacy Defendants to engage in this type of gamesmanship. For the reasons below, the Court should deny Legacy Defendants' request and preserve the parties' negotiated, agreed to, and so-ordered briefing schedules.

      *First*, Legacy Defendants have had more than three months to file a motion to dismiss against the SAC. Any further extension tears up a prior, good faith agreement between the parties that this Court already ordered. Plaintiffs and Legacy Defendants met-and-conferred and negotiated the February 7 date, knowing full well that 12 additional, mostly foreign defendants needed to be served. *See* ECF No. 180. During the negotiations, Plaintiffs made clear that they would not consent to any further extensions for the Legacy Defendants if service took longer than expected and Newly-Added Defendants[2] required a different briefing schedule.

      *Second*, there is no tactical advantage to Plaintiffs filing separate oppositions; the issues between Legacy Defendants (Swiss Franc LIBOR panel banks) and the 12 Newly-Added Defendants (non-panel banks) are not uniform. Many of the issues as to the Legacy Defendants have already been decided by the Court and the question now is whether Plaintiffs cured the pleading deficiencies the Court identified in its September 25 Order. *See* ECF No. 170. As Plaintiffs

---

[1] "Legacy Defendants" are Credit Suisse Group AG, Credit Suisse AG, The Royal Bank of Scotland PLC, UBS AG, Deutsche Bank AG, and DB Group Services UK Limited.

[2] "Newly-Added Defendants" are TP ICAP PLC, Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, Cosmorex AG, ICAP Europe Limited, ICAP Securities (USA) LLC, NEX Group PLC, Intercapital Capital Markets LLC, Gottex Brokers SA and Velcore SA. All but Gottex Brokers SA and Velcore SA have been served with the SAC.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977 (p) 610-941-2760 (f) 610-862-9777



are still in the process of serving the last two Newly-Added Defendants in Switzerland pursuant to The Hague Convention, it's likely not all Defendants would be on the same briefing schedule. Legacy Defendants only wish to muddy the waters by including parties that were not part of the Court's September 25 Order in the hopes of re-litigating issues the Court already decided.

*Third*, because the SAC incorporates Plaintiffs' review of almost 17,000 documents and audio files produced by JPMorgan as part of its settlement cooperation, large portions of the SAC are shielded from public disclosure by an order of this Court. ECF No. 147, ¶ 16. The Legacy Defendants suggestion that Plaintiffs could simply hit "send" on an unredacted complaint to the 12 Newly-Added Defendants without taking the necessary precautions would result in Plaintiffs violating a Court order and the terms of Plaintiffs' settlement agreement with JPMorgan.

*Fourth*, Legacy Defendants attack on Plaintiffs for a delay in service of the SAC on 12 Newly-Added Defendants is meritless and is undercut by the actual timeline of events. The Court set the current schedule for Legacy Defendants' motion to dismiss on November 30, 2017. A redacted copy of the SAC and summons were filed on December 8. ECF Nos. 185, 186. The summons was issued on December 14. ECF No. 189. E-mail requests to 10 of the 12 Newly-Added Defendants counsel to accept service were made the next day, December 15. Plaintiffs and counsel for 10 of the Newly-Added Defendants began to meet-and-confer on service issues and a briefing schedule shortly thereafter, resulting in the Stipulation the Court so-ordered on January 18. ECF No. 192. At the same time, Plaintiffs also had the SAC translated into both German and French (as required by the relevant Hague service provisions) and sent the redacted, translated SAC to the Swiss Central Authority to effectuate service on the remaining two Newly-Added Defendants. Rather than delay, Plaintiffs have moved as quickly as possible through a complicated process to complete service.

*Finally*, this Court is fully capable of managing its own docket. As service upon two of the Newly-Added Defendants via The Hague Convention remains pending, Defendants' briefing will likely be out of sync. And there will also be other opportunities for the Court to coordinate the case, such as holding oral argument for all Defendants' motions at the same time. But nothing at this stage requires coordinated briefing.

Plaintiffs request that the Court deny Legacy Defendants' further extension request.

Respectfully submitted,

Vincent Briganti /RG

cc: Counsel of Record (via ECF)