USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/18

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| L. HOWARD ADAMS | CHARLES A. GILMAN | | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | ARIEL GOLDMAN | | BRIAN T. MARKLEY | DARREN SILVER |
| HELENE R. BANKS | JASON M. HALL | | WILLIAM J. MILLER | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | WILLIAM M. HARTNETT | | NOAH B. NEWITZ | RICHARD A. STIEGLITZ JR. |
| DAVID L. BARASH | NOLA B. HELLER | | MICHAEL J. OHLER | SUSANNA M. SUH |
| LANDIS C. BEST | CRAIG M. HOROWITZ | | DAVID R. OWEN | ANTHONY K. TAMA |
| BRADLEY J. BONDI | DOUGLAS S. HOROWITZ | | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| BROCKTON B. BOSSON | TIMOTHY B. HOWELL | | LUIS R. PENALVER | SEAN P. TONOLLI* |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| JAMES J. CLARK | ELAI KATZ | | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | | MICHAEL W. REDDY | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | | OLEG REZZY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | JAMES ROBINSON | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | THORN ROSENTHAL | DAVID WISHENGRAD |
| JENNIFER B. EZRING | TED B. LACEY | | TAMMY L. ROY | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | | JONATHAN A. SCHAFFZIN | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | | JOHN SCHUSTER | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | JOEL H. LEVITIN | | | |

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3120

*ADMITTED IN DC ONLY


MEMO ENDORSED       February 1, 2018

Re: *Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Group AG, et al.*, No. 15-cv-0871 (S.D.N.Y.)

Dear Judge Stein:

We represent Credit Suisse Group AG and Credit Suisse AG (the "Credit Suisse Defendants") and write on behalf of the Original Defendants[1] in the above-captioned litigation, in which responses to the Second Amended Class Action Complaint ("SAC") (Dkt. 177) are due February 7, 2018 (*see* Dkt. No. 181).

Original Defendants respectfully request leave to file: (i) a joint memorandum of law of up to 50 pages in support of their anticipated motion to dismiss the SAC for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Joint Merits Brief") and (ii) a separate, joint memorandum of up to 40 pages in support of their anticipated motion to dismiss the SAC for lack of personal jurisdiction and venue under Rules 12(b)(2) and 12(b)(3) (the "Joint Personal Jurisdiction Brief"). Plaintiffs do not oppose this request.

Original Defendants respectfully submit that joint briefs exceeding Your Honor's usual 25-page limit are appropriate under the circumstances. The SAC was filed on behalf of sixteen named plaintiffs, names nineteen unique corporate entities as defendants, and contains nine claims for relief, including claims under the antitrust laws, the Commodity Exchange Act, RICO, and state law. The operative pleading has also more than doubled in size from 113 pages with 313 separately numbered paragraphs in the First Amended Class Action Complaint ("FAC") to 248 pages with 638 separately numbered paragraphs in the SAC, including extensive allegations

---

[1] The Original Defendants are Credit Suisse Group AG and Credit Suisse AG, The Royal Bank of Scotland PLC, UBS AG, Deutsche Bank AG, and DB Group Services UK Limited. The Original Defendants do not include JPMorgan Chase & Co., which has entered into a settlement with Plaintiffs.

CAHILL GORDON & REINDEL LLP

- 2 -

based on the settlement materials Plaintiffs received from JPMorgan. The SAC also raises several issues not addressed in the Court's prior ruling. For example, the SAC makes clear that thirteen plaintiffs each lack capacity to sue (and Article III standing) because these plaintiffs do not exist (and have not existed since the lawsuit was filed in 2015) and that their claims were supposedly assigned to Fund Liquidation Holdings, LLC, which is not a party. (SAC ¶¶ 23-40.) Similarly, the SAC fails to allege that this Court has personal jurisdiction over the alleged bid-ask spread conspiracy claims.[2] In addition, the Court previously ordered that any motions for reconsideration of the Court's prior decision be made in connection with Defendants' motions to dismiss. (Dkt. No. 181.) Original Defendants respectfully submit that their motions will show that there are many separate and independent grounds on which the Court should dismiss plaintiffs' claims and that granting the requested page limits will allow them to brief their motions jointly and efficiently, assisting the Court's consideration of the issues presented. Indeed, Original Defendants' proposal calls for a total of 90 pages, 10 pages less than the 100 pages Original Defendants would be entitled to if they each filed separate briefs.

Original Defendants respectfully request that the Court grant the Original Defendants leave to file a Joint Merits Brief of up to 50 pages and a Joint Personal Jurisdiction Brief of up to 40 pages.

Respectfully submitted,

Joel Kurtzberg

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:   Counsel of Record

SO ORDERED 2/2/18

SIDNEY H. STEIN
U.S.D.J.

---

[2] In its prior decision, the Court dismissed the bid-ask spread claims because it held plaintiffs lacked Article III standing as to these claims. *Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Group AG*, 2017 WL 4250480, at *11 (S.D.N.Y. Sept. 25, 2017). The SAC adds nothing that requires that ruling to be revisited. However, the Original Defendants intend to brief the issue of whether the Court has personal jurisdiction over these claims in the event the Court elects to reach it.