

H. Rowan Gaither IV
D 212.530.1807
F 917.344.8807
rgaither@rkollp.com

March 22, 2018

<u>VIA ECF</u>

The Honorable Sidney H. Stein
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

    Re:    *Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Group AG, et al.,* No. 15-cv-00871 (S.D.N.Y.)

Dear Judge Stein:

    We represent newly added defendants TP ICAP plc, Tullet Prebon Americas Corp., Tullet Prebon (USA) Inc., Tullet Prebon Financial Services LLC, Tullet Prebon (Europe) Limited, Cosmorex AG, ICAP Europe Limited, ICAP Securities USA LLC, NEX Group plc, Intercapital Capital Markets LLC, Velcor SA, and Gottex Brokers SA (collectively, the "Broker Defendants") in the above-captioned litigation.  We write concerning the Broker Defendants' anticipated motions to dismiss the Second Amended Class Action Complaint ("SAC") (Dkt. No. 177) which are due April 6, 2018 (*see* Dkt. Nos. 192 & 244).  Specifically, the Broker Defendants request (i) leave to incorporate by reference and rely on in support of their motions to dismiss the SAC arguments and evidentiary materials either filed or to be filed by the Bank Defendants[1] in support of their own motions to dismiss the SAC (Dkt. Nos. 225-229), and (ii) leave to file a joint, consolidated memorandum of law of up to 75 pages if leave to incorporate by reference is permitted, and up to 100 pages if it is not.  We have conferred with counsel for Plaintiffs and they do not oppose these requests.

    1.  <u>Leave to Incorporate by Reference</u>.

    The Broker Defendants anticipate moving to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) on numerous grounds, including lack of subject-matter jurisdiction; lack of personal jurisdiction and improper venue under the Clayton Act (as to certain Broker Defendants); and failure to state a claim (as to all Broker Defendants). As the Court is aware, on February 7, 2018, the Bank Defendants filed their respective motions to dismiss the SAC (Dkt. Nos. 225-229).  Several of the arguments advanced by the Bank

---

[1]  The Bank Defendants are Credit Suisse Group AG and Credit Suisse AG, The Royal Bank of Scotland PLC, UBS AG, Deutsche Bank AG, and DB Group Services UK Limited.

Defendants apply equally and without any differentiation to the Broker Defendants' anticipated motions, such as those relating to the fund Plaintiffs' lack of capacity to sue as a result of their dissolution; Plaintiffs' lack of Article III and antitrust standing; and improper venue under the Clayton Act (as to certain Broker Defendants). It would be entirely duplicative for the Broker Defendants to re-brief these arguments.

Thus, the Broker Defendants respectfully request leave to incorporate by reference and rely upon common arguments that were advanced in support of the Bank Defendants' motions to dismiss, as set forth in their memorandums of law, declarations, and exhibits, as well as their anticipated reply papers and such further briefing as may take place. Permitting the Broker Defendants to incorporate and rely on these arguments along with supporting declarations and exhibits by reference (as if the Broker Defendants had briefed them separately for purposes of the record) will allow the parties to streamline the issues and conserve the Court's and the parties' resources.[2]

2. Leave to File a Joint Opening Brief of Up to 75 Pages.

The Broker Defendants also respectfully request leave to file a joint, consolidated brief of up to 75 pages if the Court grants the Broker Defendants' request for leave to incorporate arguments by reference. If the Court does not permit incorporation by reference, the Broker Defendants respectfully request leave to file a joint, consolidated brief of up to 100 pages. The anticipated consolidated brief will include all of the Broker Defendants' arguments supporting dismissal under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

The above-requested pages are necessary to allow the Broker Defendants to fully brief their various arguments in support of dismissal. We represent 12 separate Broker Defendants, and the allegations against each of these entities varies in nature and extent. Moreover, Plaintiffs' specific allegations against the Broker Defendants differ significantly from their allegations against the Bank Defendants, and warrant dismissal on independent grounds. Furthermore, several of the Broker Defendants are foreign entities that have meritorious personal jurisdiction and venue arguments. And it bears mentioning that the SAC is 248 pages long with

---

[2] District courts have inherent authority to allow incorporation of arguments by reference and commonly permit incorporation by reference and consider arguments incorporated by reference. *See Bell v. Mine Safety Appliances*, 2015 WL 10939978, at *1 (W.D. Ark. Nov. 24, 2015) ("The Court generally permits a co-defendant to adopt by reference the arguments of another co-defendant."); *Orange Chicken, L.L.C. v. Nambe Mills, Inc.*, 2000 WL 1858556, at *1 n.1 (S.D.N.Y. Dec. 19, 2000) (defendant "adopt[ed] and incorporate[d] by reference the arguments set forth in the memorandum of law submitted by the two [other] defendants" and the court considered those arguments); *Asdourian v. Konstantin*, 77 F. Supp. 2d 349, 356 (E.D.N.Y. 1999) (considering "arguments [that] have been adopted by reference"); *Avramides v. First Nat. Bank of Md.*, 1992 WL 245498, at *1 (S.D.N.Y. Sept. 17, 1992) (defendant "adopt[ed] and incorporate[d] by reference the arguments, points and authorities cited in [a co-defendant's] papers" and the court considered those arguments); *see also Galapagos, LLC v. Vision Bank*, 2010 WL 11468562, at *1 n.3 (N.D. Ala. July 20, 2010) (noting that "adoption and incorporation by reference can be an efficient tool").

638 separately numbered paragraphs, including extensive allegations based on the settlement materials Plaintiffs received from JPMorgan. The Broker Defendants respectfully submit that their motions will show that there are many separate and independent grounds on which the Court should dismiss Plaintiffs' claims against them. Granting the requested page limit will allow them to brief their motions efficiently, assisting the Court's consideration of the issues presented. Finally, the Broker Defendants' proposal is in line with the 90 total pages that the Court granted to the six Bank Defendants for their joint memorandums of law. (*See* Dkt. No. 222).

\*   \*   \*

In conclusion, the Broker Defendants respectfully request that the Court grant the Broker Defendants (i) leave to incorporate and rely upon arguments and evidentiary submissions advanced in support of the Bank Defendants' motions to dismiss, including arguments set forth in opening and reply memoranda of law, and supporting declarations and exhibits, and such further briefing as may be filed, and (ii) leave to file a joint, consolidated brief of up to 75 pages in support of the Broker Defendants' anticipated motions to dismiss, or a joint brief of up to 100 pages if leave to incorporate arguments by reference is denied.

Respectfully submitted,

H. Rowan Gaither IV

cc: Counsel of Record (via ECF)