**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3213

WRITER'S DIRECT FACSIMILE

212-492-0213

WRITER'S DIRECT E-MAIL ADDRESS

asynnott@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
DAVID R. SICULAR
MOSES SILVERMAN
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

September 14, 2018

**VIA ECF**

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Group AG, et. al.*,
       No. 15-cv-0871

Dear Judge Stein:

   We represent Defendants Deutsche Bank AG and DB Group Services (UK) Ltd. in the above-captioned matter. We write on behalf of the Bank Defendants[1] to notify the Court of supplemental authority relevant to Bank Defendants' pending motion to dismiss the Second Amended Complaint ("SAC") (Dkt. 185) for lack of subject matter jurisdiction and failure to state a claim (Dkt. 228). Judge Ramos's recent decision in *In re SSA Bonds Antitrust Litig.*, No. 16 Civ. 3711 (ER), 2018 WL 4118979 (S.D.N.Y. Aug. 28, 2018) ("*SSA*

---

[1]  Bank Defendants are Credit Suisse Group AG, Credit Suisse AG, Deutsche Bank AG, DB Group Services (UK) Ltd., The Royal Bank of Scotland plc, and UBS AG.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Sidney H. Stein                                                                                          2

*Bonds*") (attached as Exhibit A) directly supports the conclusion that Plaintiffs have failed to plausibly allege that they suffered an antitrust injury.

In *SSA Bonds*, plaintiff investors asserted that several bond dealers violated the antitrust laws by restraining competition across the entire market for supranational, sovereign, and agency ("SSA") bonds. The investors claimed that the bond dealers "conspired to not compete against each other for the sale of USD SSA bonds to customers, and instead to cooperate to achieve prices and terms more favorable to them and worse for [their] customers." 2018 WL 4118979, at *2. The investors alleged that they were injured by defendants because "at some point during the Class Period, they transacted with certain [defendants] for USD SSA bonds," and—as Plaintiffs here have done—they alleged that "*every* . . . transaction with the [defendants] closed at a price that was artificially inflated or deflated by the antitrust conspiracy." *Id.* at *6; *see* SAC ¶ 43 (alleging that Plaintiffs "overcharged and/or underpaid in [their] Swiss franc LIBOR-based derivatives transactions during the Class Period"). In their complaint, the investors quoted extensively from transcripts of chats and phone calls produced by two settling defendants purportedly "evincing collusive behavior." 2018 WL 4118979, at *6. But, like Plaintiffs in this case, the investors were unable to tie any of the more than 150 communications cited in their complaint that purportedly evidenced collusive conduct to a specific transaction to which any of the named plaintiffs was a party. *Id.*

Judge Ramos granted the bond dealers' motion to dismiss. Relying on the Second Circuit's recent decision in *Harry* v. *Total Gas & Power North America, Inc.*, 889 F.3d 104 (2d Cir. 2018), Judge Ramos held that the investors failed plausibly to allege an actual injury sufficient to establish antitrust standing because they had "not alleged any specific transactions that had an artificially unfavorable price that injured them" and had not otherwise provided the Court "'some reason to believe that any damage has occurred at all.'" 2018 WL 4118979, at *6 & n.22 (quoting *Total Gas*, 889 F.3 at 115). In reaching this conclusion, Judge Ramos rejected the investors' conclusory assertions that their allegations that the alleged manipulation affected the entire market were sufficient. Specifically, the Court found that the "fact that [the investors] may have traded in the same 24 hour period as [when certain] traders [allegedly] discussed manipulation . . . is simply too thin a basis for the Court to infer that it is plausible that the traders' employees caused the [investors] actual damages." *Id.* at *6–8. The Court also rejected the plaintiffs' allegations of market-wide harm based upon "academic literature" that expressed "the unsurprising theory that 'less competition among dealers increases spreads and prices' paid by investors." *Id.* at *7. The Court concluded that, "[b]ecause '[p]laintiffs do not even present evidence that they traded at 'artificial prices,' they have alleged no actual injury . . ., let alone a connection between [d]efendants' unlawful conduct and that non-injury.'" *Id.* at *7 (quoting *Total Gas*, 889 F.3d at 116).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Sidney H. Stein                                                                                      3

        Judge Ramos's reasoning applies with equal force to this case.[2] The SAC should be dismissed because it pleads no facts sufficient to show that Plaintiffs suffered any actual injury caused by Defendants' alleged conduct. Dkt. 228 at 18–25; Bank Defs.' Merits Reply (Dkt. 282) at 10–11. Plaintiffs have merely alleged episodic manipulation of CHF LIBOR in varying directions (up or down) on various trading days—a scenario in which, as in *SSA Bonds*, it cannot be presumed that Plaintiffs *themselves* were injured by the alleged conduct. *See* 2018 WL 4118979, at *6–7; Dkt. 228 at 21–25; Dkt. 282 at 10–11. And like the investors in *SSA Bonds*, Plaintiffs here have not identified a communication (or any other conduct) between defendants that was related to an actual transaction Plaintiffs were a party to, let alone that any supposed manipulation of CHF LIBOR was in a direction that *harmed* any Plaintiff as opposed to *benefitting* it. "[C]ourts have found no injury where the plaintiffs failed to allege any specific transaction that they entered into that harmed them through the defendants' misconduct" and "because Plaintiffs have not plausibly alleged that they themselves were injured by the alleged conspiracy, their claim[s] must be dismissed." 2018 WL 4118979, at *6, 8.

                                                                                        Respectfully submitted,

                                                                                     /s/ Aidan Synnott

                                                                                     Aidan Synnott

cc:     All counsel (via ECF)

---

[2]    While Judge Ramos's decision in *SSA Bonds* addressed antitrust claims, it applies to all of Plaintiffs' claims in this action. *See, e.g.*, 2018 WL 4118979, at *16 n.18 ("The requirement of 'actual damages' or 'actual injury' under the Commodity Exchange Act is similar to the requirement of injury-in-fact under the Clayton Act") (citing *Total Gas*, 889 F. 3d at 111, 115–16).