

Shari A. Brandt
D 212.530.1874
F 917.344.8874
sbrandt@rkollp.com

May 21, 2019

By ECF

The Honorable Sidney H. Stein
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: <u>Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG</u>,
      <u>No. 15-cv-00871 (S.D.N.Y.)</u>

Dear Judge Stein:

  We represent the Broker Defendants[1] in the above-referenced litigation and write in response to Plaintiffs' May 15, 2019 letter to the Court regarding *Fire & Police Pension Ass'n of Colorado v. Bank of Montreal*, 2019 WL 1344412 (S.D.N.Y. Mar. 14, 2019) ("*CDOR*") ("May 15 Letter"). Dkt. 345. While purporting to respond to an April 5, 2019 supplemental authority letter filed by the Bank Defendants (Dkt. 340), Plaintiffs (yet again) ignore the distinction between the Bank Defendants and the Broker Defendants, referring instead to "Defendants" and "Defendants' letter." Plaintiffs' continued conflation of the differently situated defendants in this action is improper. The sufficiency of Plaintiffs' claims at the pleading stage must be evaluated by the Court separately as to each specific defendant. *See* Mem. of Law in Supp. of Broker Defs. Mot. to Dismiss ("Broker Defs. MTD") (Dkt. 264) at 25-26, 61.

  Plaintiffs' strategic imprecision and misrepresentation of what they actually alleged does them no favors. Instead, it results in the same incorrect legal arguments that plagued their opposition to the Broker Defendants' motion to dismiss the Second Amended Class Action Complaint ("SAC"). Dkt. 295, 297. For example, in arguing the inapplicability of the *CDOR* decision to this case, Plaintiffs assert that "Defendants formed a conspiracy motivated by CHF LIBOR-based derivatives trading profits" and "Defendants' traders were in constant communication to coordinate trading positions, enabling each to profit from their membership in the conspiracy." May 15 Letter at 2. None of this conduct, however, was alleged as to the Broker Defendants, which did not employ any traders, did not trade in CHF LIBOR-based

---

[1] The Broker Defendants are TP ICAP plc, Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, Cosmorex AG, ICAP Europe Limited, ICAP Securities USA LLC, NEX Group plc, Intercapital Capital Markets LLC, Velcor SA, and Gottex Brokers SA.

derivatives, and earned their profits based on commissions that were not tied to CHF LIBOR rates.[2]  *See* Broker Defs. MTD (Dkt. 264) at 7-15.

Plaintiffs' arguments concerning the relevance of *CDOR*'s statute of limitations holding are similarly inapposite to the Broker Defendants' pending motion to dismiss.  Plaintiffs' claims against the Broker Defendants were not filed until November 6, 2017 (and were not made available to the Broker Defendants until January 2018), which was more than four years after Plaintiffs received inquiry notice of potential interdealer broker involvement in the alleged CHF LIBOR manipulation conspiracy.  Broker Defs. MTD at 18-24.  Thus, Plaintiffs' contention in their May 15 Letter that *CDOR* does not support dismissal of the SAC on statute of limitations grounds because of the timing of certain regulatory settlements applies only to the Bank Defendants' motion.  Plaintiffs' claims against the Broker Defendants were untimely when filed under any analysis.  *Id.*

With respect to the Broker Defendants, the Court should disregard Plaintiffs' May 15 Letter in its entirety.

                              Respectfully submitted,

                              Shari A. Brandt

cc: Counsel of Record (by ECF)

---

[2] In an effort to buttress their jurisdictional arguments, Plaintiffs assert that "[t]raders from [certain Bank Defendants] and brokers from [one Broker Defendant] travelled to New York to meet with [one Bank Defendant trader] to discuss CHF LIBOR-based derivatives prices on numerous occasions."  May 15 Letter at 2.  But the paragraphs in the SAC to which Plaintiffs cite have nothing to do with the Broker Defendant referenced in their letter.  *See* SAC ¶¶ 172-73.  Moreover, as explained in the Broker Defendants' Motion to Dismiss, the communications cited in the SAC indicate, at most, only a few generic business meetings in New York.  *See* Broker Defs. MTD at 14, 64.  None of these communications suggest that CHF LIBOR manipulation was discussed with brokers during those meetings.  *Id.* at 38.