**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

| | | |
|---|---|---|
| 1285 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10019-6064<br>TELEPHONE (212) 373-3000<br><br>LLOYD K GARRISON (1946-1991)<br>RANDOLPH E PAUL (1946-1956)<br>SIMON H RIFKIND (1950-1995)<br>LOUIS S WEISS (1927-1950)<br>JOHN F WHARTON (1927-1977) | UNIT 5201 FORTUNE FINANCIAL CENTER<br>5 DONGSANHUAN ZHONGLU<br>CHAOYANG DISTRICT BEIJING 100020 CHINA<br>TELEPHONE (86-10) 5828-6300<br><br>HONG KONG CLUB BUILDING, 12TH FLOOR<br>3A CHATER ROAD CENTRAL<br>HONG KONG<br>TELEPHONE (852) 2846-0300<br><br>ALDER CASTLE<br>10 NOBLE STREET<br>LONDON EC2V 7JU UNITED KINGDOM<br>TELEPHONE (44 20) 7367 1600<br><br>FUKOKU SEIMEI BUILDING<br>2-2 UCHISAIWAICHO 2-CHOME<br>CHIYODA-KU, TOKYO 100-0011, JAPAN<br>TELEPHONE (81 3) 3597-8101<br><br>TORONTO-DOMINION CENTRE<br>77 KING STREET WEST SUITE 3100<br>PO BOX 226<br>TORONTO, ONTARIO M5K 1J3<br>TELEPHONE (416) 504-0520<br><br>2001 K STREET NW<br>WASHINGTON, DC 20006-1047<br>TELEPHONE (202) 223-7300<br><br>500 DELAWARE AVENUE SUITE 200<br>POST OFFICE BOX 32<br>WILMINGTON DE 19899-0032<br>TELEPHONE 302) 655-4410 | MATTHEW W ABBOTT<br>EDWARD T ACKERMAN<br>JACOB A ADLERSTEIN<br>JUSTIN ANDERSON<br>ALLAN J ARFFA<br>ROBERT A ATKINS<br>DAVID J BALL<br>SCOTT A BARSHAY<br>PAUL M BASTA<br>JOHN F BAUGHMAN<br>J STEVEN BAUGHMAN<br>LYNN B BAYARD<br>CRAIG A BENSON<br>MITCHELL L BERG<br>MARK S BERGMAN<br>DAVID M BERNICK<br>JOSEPH J BIAL<br>BRUCE BIRENBOIM<br>H CHRISTOPHER BOEHNING<br>ANGELO BONVINO<br>ROBERT BRITTON<br>DAVID W BROWN<br>SUSANNA M BUERGEL<br>PATRICK S CAMPBELL*<br>JESSICA S CAREY<br>DAVID CARMONA<br>JEANETTE K CHAN<br>GEOFFREY R CHEPIGA<br>ELLEN N CHING<br>WILLIAM A CLAREMAN<br>LEWIS R CLAYTON<br>YAHONNES CLEARY<br>JAY COHEN<br>KELLEY A CORNISH<br>CHRISTOPHER J CUMMINGS<br>THOMAS V DE LA BASTIDE III<br>ARIEL J DECKELBAUM<br>ALICE BELISLE EATON<br>ANDREW J EHRLICH<br>GREGORY A EZRING<br>ROSS A FIELDSTON<br>BRAD J FINKELSTEIN<br>BRIAN P FINNEGAN<br>ROBERTO FINZI<br>PETER E FISCH<br>HARRIS FISCHMAN<br>MARTIN FLUMENBAUM<br>ANDREW J FOLEY<br>ANDREW J FORMAN*<br>HARRIS B FREIDUS<br>CHRISTOPHER D FREY<br>MANUEL S FREY<br>ANDREW L GAINES<br>KENNETH A GALLO<br>MICHAEL E GERTZMAN<br>ADAM M GIVERTZ<br>SALVATORE GOGLIORMELLA<br>NEIL GOLDMAN<br>MATTHEW B GOLDSTEIN<br>ROBERTO J GONZALEZ*<br>CATHERINE L GOODALL<br>ERIC GOODISON<br>CHARLES H GOOGE JR<br>ANDREW G GORDON<br>BRIAN S GRIEVE<br>UDI GROFMAN<br>NICHOLAS GROOMBRIDGE<br>BRUCE A GUTENPLAN<br>ALAN S HALPERIN<br>CLAUDIA HAMMERMAN<br>BRIAN S HERMANN<br>MICHELE HIRSHMAN<br>DAVID S HUNTINGTON<br>AMRAN HUSSEIN<br>LORETTA A IPPOLITO<br>JAREN JANGHORBANI<br>BRIAN M JANSON<br>JEH C JOHNSON<br>MEREDITH J KANE | JONATHAN S KANTER<br>BRAD S KARP<br>PATRICK N KARSNITZ<br>JOHN C KENNEDY<br>BRIAN KIM<br>KYLE J KIMPLER<br>DAVID M KLEIN<br>ALAN W KORNBERG<br>DANIEL J KRAMER<br>DAVID K LAKHDHIR<br>JOHN E LANGE<br>GREGORY F LAUFER<br>BRIAN C LAVIN<br>XIAOYU GREG LIU<br>JEFFREY D MARELL<br>MARCO V MASOTTI<br>DAVID W MAYO<br>ELIZABETH R MCCOLM<br>ALVARO MEMBRILLERA<br>MARK F MENDELSOHN<br>CLAUDINE MEREDITH-GOUJON<br>WILLIAM B MICHAEL<br>JUDIE NG SHORTELL*<br>CATHERINE NYARADY<br>JANE B O BRIEN<br>ALEX YOUNG K OH<br>BRAD R OKUN<br>KELLEY D PARKER<br>LINDSAY B PARKS<br>VALERIE E RADWANER<br>JEFFREY J RECHER<br>CARL L REISNER<br>LORIN L REISNER<br>WALTER G RICCIARDI<br>WALTER RIEMAN<br>RICHARD A ROSEN<br>ANDREW N ROSENBERG<br>JUSTIN ROSENBERG<br>JACQUELINE P RUBIN<br>CHARLES F "RICK" RULE*<br>RAPHAEL M RUSSO<br>ELIZABETH M SACKSTEDER<br>JEFFREY D SAFERSTEIN<br>JEFFREY B SAMUELS<br>TERRY E SCHIMEK<br>KENNETH M SCHNEIDER<br>ROBERT B SCHUMER<br>JOHN M SCOTT<br>BRIAN SCRIVANI<br>KANNON K SHANMUGAM*<br>DAVID R SICULAR<br>AUDRA J SOLOWAY<br>SCOTT M SONTAG<br>TARUN M STEWART<br>ERIC ALAN STONE<br>AIDAN SYNNOTT<br>RICHARD C TARLOWE<br>MONICA K THURMOND<br>DANIEL J TOAL<br>CONRAD VAN LOGGERENBERG<br>LIZA M VELAZQUEZ<br>MICHAEL VOGEL<br>RAMY J WAHBEH<br>LAWRENCE G WEE<br>THEODORE V WELLS JR<br>LINDSEY L WIERSMA<br>STEVEN J WILLIAMS<br>LAWRENCE I WITDORCHIC<br>MARK B WLAZLO<br>JULIA TARVER MASON WOOD<br>JENNIFER H WU<br>BETTY YAP*<br>JORDAN E YARETT<br>KAYE N YOSHINO<br>TONG YU<br>TRACEY A ZACCONE<br>TAURIE M ZEITZER<br>T ROBERT ZOCHOWSKI JR |

WRITER'S DIRECT DIAL NUMBER

(212) 373-3213

WRITER'S DIRECT FACSIMILE

(212) 492-0213

WRITER S DIRECT E-MAIL ADDRESS

asynnott@paulweiss.com

*NOT ADMITTED TO THE NEW YORK BAR

May 31, 2019

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Sonterra Capital Master Fund Ltd., et al.* v. *Credit Suisse Group AG, et al.*, No. 15-CV-0871

Dear Judge Stein:

   We represent Defendants Deutsche Bank AG and DB Group Services (UK) Ltd. in the above-captioned matter. We write on behalf of the Bank Defendants[1] to notify the Court of supplemental authority relevant to the Bank Defendants' pending motion to dismiss the Second Amended Complaint (Dkt. 223). The Second Circuit's recent decision in *7 West 57th Street Realty Co.* v. *Citigroup, Inc.*, No. 18-1102-CV, 2019 WL 1914278

---

[1] Bank Defendants are Credit Suisse Group AG, Credit Suisse AG, Deutsche Bank AG, DB Group Services (UK) Ltd., The Royal Bank of Scotland plc, and UBS AG.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Sidney H. Stein                                                                                                       2

(2d Cir. Apr. 30, 2019) ("*7W57*") (attached as Exhibit A), confirms, consistent with this Court's prior decision, that Plaintiffs who failed to allege a transaction with any Defendant—so-called "umbrella" Plaintiffs—are not efficient enforcers of the antitrust laws and thus lack antitrust standing.[2] The decision also supports dismissal of Plaintiffs' RICO and CEA claims.

    I.    ***7W57* Confirms that "Umbrella" Plaintiffs Lack Antitrust Standing Because They Are Not Efficient Enforcers.**

In *7W57*, plaintiff alleged that defendants' manipulation of U.S. Dollar LIBOR affected the value of its municipal bond investments even though—like the instruments at issue here—none of the bonds directly referenced U.S. Dollar LIBOR. Moreover, like nearly all Plaintiffs here, the *7W57* plaintiff was an "umbrella" plaintiff—it had not purchased any of its bonds directly from any defendant. After carefully weighing each of the efficient-enforcer factors, the Second Circuit affirmed dismissal of plaintiff's antitrust claims for lack of antitrust standing. Consideration of those factors here shows that Plaintiffs do not have antitrust standing to bring their claims.

***First***, the *7W57* panel found that the directness-of-injury factor weighed against antitrust standing in part because plaintiff's alleged injury—a diminution in the value of its bonds—"was necessarily directly caused by the independent judgments of participants in the secondary municipal bond market." *7W57*, 2019 WL 1914278, at *2. Similarly, here, any injury to "umbrella" Plaintiffs was "necessarily directly caused" by someone other than Defendants—namely, third parties with which Plaintiffs directly transacted and/or which made independent decisions to price Swiss franc futures and FX forwards according to a formula that allegedly incorporated CHF LIBOR. The *7W57* panel also recognized "the danger of opening up antitrust liability to LIBOR contributor panel banks for injuries 'to every plaintiff who ended up on the wrong side of an independent LIBOR-denominated derivative swap,'" which would "'not only bankrupt 16 of the world's most important financial institutions, but also vastly extend the potential scope of antitrust liability in myriad markets where derivative instruments have proliferated.'" *Id.* (quoting *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 779 (2d Cir. 2016)). As this Court has recognized, the "danger of opening up" limitless antitrust liability is present in this case as well, *see Sonterra*, 277 F. Supp. 3d at 559-60, and that danger militates against allowing "umbrella" Plaintiffs' claims to proceed.

***Second***, the *7W57* panel found that there were "indisputably more direct victims" than plaintiff there. *7W57*, 2019 WL 1914278, at *2. Specifically, the panel concluded that persons who transacted in financial instruments directly pegged to U.S. Dollar LIBOR were more direct victims than those, like plaintiff, "whose injury flowed

---

[2] Bank Defendants respectfully disagree with the Court's prior conclusion that the "Direct Transaction Plaintiffs" sufficiently alleged that they were efficient enforcers of the antitrust laws. *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 558-59 (S.D.N.Y. 2017). Bank Defendants reserve their right to advance this argument on appeal.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Sidney H. Stein                                                                 3

from the ripple effect LIBOR has on financial instruments that are not actually tied to LIBOR." *Id.* Likewise, here, there are "indisputably more direct victims" than Plaintiffs: Any party that transacted in a CHF LIBOR-referencing financial instrument directly with a Defendant is a more direct victim than "umbrella" Plaintiffs that did not. *See Sonterra*, 277 F. Supp. 3d at 562 ("One could also conceive of the Direct Transaction Plaintiffs as a 'more direct' victim than the umbrella plaintiffs, even assuming both groups suffered the same harm from the manipulation.").

**Third**, the *7W57* panel concluded that plaintiff's damages "would be highly speculative," in part because calculating those damages "would require speculation about how each of the 16 LIBOR panel banks would have answered the LIBOR question over the five days" at issue. *7W57*, 2019 WL 1914278, at *3. This reasoning applies with far greater force here, where Plaintiffs allege years, not days, of CHF LIBOR manipulation over a decade-long class period.

II.     ***7W57* Supports Dismissal of Plaintiffs' RICO and CEA Claims.**

The *7W57* panel affirmed the dismissal of plaintiff's RICO claims for lack of causation for reasons similar to those supporting its efficient-enforcer analysis. Specifically, the panel found that "the alleged RICO-predicate fraud only indirectly caused [plaintiff's] bond portfolio to decline in value" because "the injury was directly caused by buy/sell decisions that independent market actors made, which LIBOR may have influenced." *Id.* at *3-4. This reasoning applies to Plaintiffs' RICO and CEA claims here with equal force, and therefore dismissal of those claims is also required. *See* Bank Defs.' Merits Br. (Dkt. 228) at 27-28, 32-24.

                                            *       *       *

For the above reasons and those outlined in the Bank Defendants' merits briefs, Plaintiffs' antitrust, RICO, and CEA claims should be dismissed.

Respectfully submitted,

Aidan Synnott

cc:     All counsel (via ECF)