**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Eric J. Stock
Direct: +1 212.351.2301
Fax: +1 212.716.0801
EStock@gibsondunn.com

August 9, 2019

VIA ECF

Hon. Sidney H. Stein
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Sonterra Capital Master Fund, Ltd., et al. v. Credit Suisse Group AG, et al.*,
      No. 15-cv-0871 (SHS)

Dear Judge Stein:

We represent Defendant UBS AG and write on behalf of all remaining Defendants to submit Judge Alvin K. Hellerstein's recent opinion in *Fund Liquidation Holdings LLC v. Citibank, N.A.*, 2019 WL 3388172 (S.D.N.Y. July 26, 2019) ("*SIBOR III*") (attached as Exhibit A), in further support of Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 228 (the "Mot. to Dismiss"), in the above-captioned action.[1]  Judge Hellerstein's opinion provides persuasive support for this Court's dismissal of Plaintiffs' Second Amended Class Action Complaint, ECF No. 185 (the "SAC").

On November 6, 2017, Plaintiffs filed the SAC—a corrected version of which was filed on December 8, 2017—acknowledging that Sonterra Capital Master Fund, Ltd. ("Sonterra"), the FrontPoint Plaintiffs, and the Hunter Plaintiffs[2] (together, the "Dissolved Plaintiffs") do not exist and alleging, for the first time, that the Dissolved Plaintiffs assigned their claims to Fund Liquidation Holdings LLC ("FLH").  *See* SAC ¶¶ 23–40.  Plaintiffs also added two new putative named plaintiffs: Richard Dennis and the California State Teachers' Retirement System (the "New Plaintiffs").  *See id.* ¶¶ 42–43.  On February 7, 2018, the Bank Defendants

---

[1]  The remaining "Bank Defendants" are Credit Suisse Group AG, Credit Suisse AG, Deutsche Bank AG, DB Group Services (UK) Ltd., The Royal Bank of Scotland plc, and UBS AG.  The remaining "Broker Defendants" are TP ICAP plc, Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, Cosmorex AG, ICAP Europe Limited, ICAP Securities USA LLC, NEX Group plc, Intercapital Capital Markets LLC, Velcor SA, and Gottex Brokers SA.  Although this letter refers to the Bank Defendants' Motion to Dismiss, the Broker Defendants also join this letter in further support of their Motion to Dismiss, ECF No. 264.

[2]  The seven defunct FrontPoint entities and five defunct Hunter entities are those addressed in the Bank Defendants' Motion to Dismiss.  Mot. to Dismiss at 1 n.2, n.3; *see also* SAC ¶¶ 32, 39.

**GIBSON DUNN**

August 9, 2019
Page 2

moved to dismiss the SAC on the grounds that, among other things, the Dissolved Plaintiffs (1) lack capacity to sue because they did not exist when they initiated this action; (2) did not assign their claims to FLH through any purported Asset Purchase Agreement ("APA"), so FLH lacks standing to bring the claims in this case; (3) could not properly substitute FLH under Federal Rule of Civil Procedure 17; and (4) brought claims that have been legal nullities from the outset so any FLH suit would be time-barred because FLH cannot take advantage of any earlier-filed complaint. *See* Mot. to Dismiss at 6–13; *see also* Kurtzberg Letters to the Court, dated December 13, 2018 and February 15, 2019, ECF No. 323 at 5–10, 12; ECF No. 334 at 3 n.5.[3]

In *SIBOR III*, Judge Hellerstein dismissed plaintiffs' complaint based on nearly identical arguments in a case involving defunct Sonterra and FrontPoint entities represented by the same plaintiffs' counsel as here. 2019 WL 3388172, at *7. There, FLH attempted to assert claims on behalf of Sonterra—the same entity here—and a defunct FrontPoint entity related to the FrontPoint Plaintiffs here, FrontPoint Asian Event Driven Fund L.P. ("FrontPoint Asian"), apparently based on the very same APAs at issue here.[4] *See* Exhibit 2 of the Reply Declaration of Joel Kurtzberg, ECF No. 285. FLH also sought to add new plaintiffs in its amended complaint. Judge Hellerstein granted defendants' motion, rejected plaintiffs' request to amend, and dismissed the *SIBOR* suit with prejudice.

In so doing, Judge Hellerstein held that (1) FrontPoint Asian and Sonterra had been previously dismissed because they "had no capacity to sue and, thus, there was no real party in interest"; (2) "[t]he APA does not assign the claims at issue in this case, and plaintiff [FLH] lacks standing to assert them"; (3) substitution "could not repair the basic deficiency of FrontPoint's and Sonterra's pleading, since Rule 17 allows substitutions to cure mistakes, not repair an absent substance"; (4) any new FLH "complaint would be a new filing, not capable of relating back in time to FrontPoint's and Sonterra's filing," and therefore would be barred under the applicable four-year statute of limitations; and (5) *China Agritech* similarly time-

---

[3] After briefing on the Motion to Dismiss was completed, the Supreme Court decided *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018), which held that *American Pipe* tolling does not apply to subsequently-filed class claims. Defendants filed a supplemental authority letter noting that, under *China Agritech* and subsequent authority interpreting it, the New Plaintiffs' claims were time-barred. ECF No. 334.

[4] In *SIBOR III*, Judge Hellerstein ordered the public filing of the FrontPoint APA at issue there. *See* 2019 WL 3388172, at *7; *see also* Oral Arg. Tr., dated May 2, 2019 (attached as Exhibit B), at 5:11–16 ("I'm going to . . . unseal it because I see that there is nothing here other than an ordinary assignment agreement without any object of it that I could consider competitive. And in the interest of having a public accountability, particularly of a document so central to this case, the document will be unsealed."). This Court should likewise require FLH to publicly file each of the APAs invoked in this action. To the extent the language of any additional APAs tracks the language included in the FrontPoint and Sonterra APAs, the same arguments raised herein apply with equal force.

**GIBSON DUNN**

August 9, 2019
Page 3

barred the addition of new plaintiffs. *SIBOR III*, 2019 WL 3388172, at *1–2, 5–7. Each of these holdings applies with equal force here and is discussed further below.

*First*, *SIBOR III* confirmed that FrontPoint and Sonterra lacked capacity to sue under relevant law because, as here, they "were dissolved entities when the action began." *Id*. at *1–2 (citing *FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, 2018 WL 4830087, at *11–12 (S.D.N.Y. Oct. 4, 2018) ("*SIBOR II*")). FrontPoint Asian and Sonterra nonetheless argued, as here, that FLH could sue in their names by virtue of purported assignments in the APAs. Judge Hellerstein had already held, however, that even if any assignment to FLH were effective, FLH would be the entity required to sue as the named plaintiff and real party in interest—not FrontPoint and Sonterra. *See SIBOR II*, 2018 WL 4830087, at *11–12; *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").[5]

*Second*, as here, the *SIBOR* plaintiffs argued that FLH could maintain the defunct FrontPoint entity's Sherman Act and state law claims because those claims were assigned to FLH through the same FrontPoint APA at issue in this case.[6] Judge Hellerstein held that "[t]he APA does not assign the claims at issue in this case, and plaintiff lacks standing to assert them." *SIBOR III*, 2019 WL 3388172, at *5. In reaching that conclusion, Judge Hellerstein held that effective transfer required an "unambiguous assignment of causes of action in a

---

[5] *SIBOR III* also confirms that Plaintiffs are incorrect that "Judge Hellerstein . . . granted leave to substitute FLH pursuant to Rule 17(a)(3)." Pls.' Opp. to Defs.' Mot. to Dismiss, ECF No. 270 at 49. Though Judge Hellerstein provisionally authorized substitution in *SIBOR II*, Judge Hellerstein made it clear in *SIBOR III* that the substitution was not, in fact, supportable, because "although [the court] gave leave to FrontPoint and Sonterra to substitute [FLH], [the] order could not confer jurisdiction where it did not originally exist." *SIBOR III*, 2019 WL 3388172, at *6.

[6] Although Judge Hellerstein did not address the Sonterra APA, which was not before him in *SIBOR III*, that APA also fails to unambiguously assign the relevant claims for the reasons detailed in Defendants' December 13, 2018 letter, including that the Sonterra APA (1) like the FrontPoint APA, only assigns rights related to securities, not derivatives like those Sonterra is alleged to have traded here; (2) does not assign the right to initiate a litigation and, instead, only assigns the right to submit a claim as an absent class member; and (3) transfers rights relating only to a specified set of trades and Plaintiffs have not adequately alleged that the trades at issue here were included. ECF No. 323 at 6-7. Although APAs for the Hunter Plaintiffs and FrontPoint Utility and Energy Fund GP, L.P. are not before the Court, they should be. To the extent those agreements track the language of the FrontPoint and Sonterra APAs, they cannot support an assignment of the relevant claims to FLH either. Regardless, each of the entities this Court found to have antitrust standing in *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, are parties to the same exact assignment found to be deficient in *SIBOR III*. 277 F. Supp. 3d 521, 558-59 (S.D.N.Y. 2017) (holding that only Direct Transaction Plaintiffs FrontPoint Healthcare Flagship Enhanced Fund, L.P., FrontPoint Healthcare Flagship Fund, L.P., and FrontPoint Healthcare Horizons Fund, L.P. have antitrust standing).

August 9, 2019
Page 4

manner that would clearly encompass the antitrust claim."[7] *Id.* (quoting *DNAML Pty, Ltd. v. Apple Inc.*, 2015 WL 9077075, at *3 (S.D.N.Y. Dec. 16, 2015)). Applying that standard, the Court determined that "the terms of the APA are unambiguous on their face," and thus found it "unnecessary and inappropriate to apply extrinsic evidence"—such as a declaration submitted by plaintiffs—to interpret or vary the APA's terms. *Id.* Judge Hellerstein then ruled that, under the plain reading of the APA, "[t]he APA lacks the requisite express language transferring either 'antitrust claims' or 'all causes of action.'" *Id.* Accordingly, the language of the APA "hardly constitutes [the] 'unambiguous assignment' required by federal law." *Id.*[8]

*Third*, Judge Hellerstein rejected substitution of FLH pursuant to Federal Rule of Civil Procedure 17. FrontPoint Asian and Sonterra, like the Dissolved Plaintiffs in this action, dissolved in March 2012. An action was nevertheless brought in the names of these two entities in July 2016. Judge Hellerstein held that, "[b]ecause FrontPoint and Sonterra lacked capacity to sue, there was no real 'case or controversy' before the court, and consequently, no subject matter jurisdiction." *Id.* at *6 (quoting U.S. Const. Art. III). In other words, the suit was a nullity from the start. Judge Hellerstein held that this fundamental flaw was fatal because substitution "could not repair the basic deficiency of FrontPoint's and Sonterra's pleading, since Rule 17 allows substitutions to cure mistakes, not repair an absent substance." *Id.* The original Complaint in this action, ECF No. 1, suffers from the same fatal flaw because the only named plaintiff was Sonterra, which did not exist, had no capacity to sue, and pled nothing about an alleged assignment to FLH.[9] *See* ECF No. 334 at 3 n.5.

*Fourth*, Judge Hellerstein held that, even if the APA's assignment to FLH were valid, FLH's suit would still fail because its claims would be untimely. Specifically, allowing FLH to bring a claim would require a new "complaint [that] would be a new filing, not capable of relating back in time to FrontPoint's and Sonterra's filing," because there was no original

---

[7] Judge Hellerstein out of hand "dismissed for lack of standing" the breach of the implied covenant claim on the basis that "state common law claim[s] [are] explicitly excluded from the definition of [transferable] Future Claims" in the APA. *Id.* at *4 (quotation marks and ellipses omitted).

[8] This rationale applies equally to the Dissolved Plaintiffs' RICO and CEA claims, which face the same standard for assignment and thus were not validly transferred. *See, e.g.*, *Lerman* v. *Joyce Int'l, Inc.*, 10 F.3d 106, 112 (3d Cir. 1993) ("express" assignment requirement for Clayton Act claim applies equally to RICO claims); *see also* ECF No. 323 at 6-7.

[9] The First Amended Complaint, ECF No. 36, which was filed on June 19, 2015, purported to add Frank Divitto as a plaintiff. Divitto's purported amendment likewise had nothing to relate back to, just as Judge Hellerstein found the suit in *SIBOR III* to be a nullity from the start. Moreover, later amendments to add additional plaintiffs require a material change to the complaint, which precludes relation back under Rule 17(a). *See Cortlandt St. Recovery Corp. v. Hellas Telecomms. I S.à.r.l.*, 790 F.3d 411 (2d Cir. 2015) (holding that substitution is permitted only for a non-substantive, formalistic alteration); *Dennis v. JPMorgan Chase & Co.*, 342 F. Supp. 3d 404, 416–17 (S.D.N.Y. 2018) (similar); *see also* ECF No. 323 at 5–10, 12.

complaint to which that claim could relate back. *SIBOR III*, 2019 WL 3388172, at *6. Rather, the initial complaint was a nullity. The court also rejected plaintiffs' claim of entitlement to *American Pipe* tolling because *China Agritech* held that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." 138 S. Ct. at 1804. Otherwise, it "would allow the statute of limitations to be extended time and again." *SIBOR III*, 2019 WL 3388172, at *7 (quoting *China Agritech*, 138 S. Ct. at 1808). Thus, a new suit by FLH would be barred under the four-year statute of limitations for antitrust claims, 15 U.S.C. § 15b, because the conduct in question ceased by December 2011 and FLH conceded it was on notice of its claims by June 2013. *SIBOR III*, 2019 WL 3388172, at *6; *see also FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, 2017 WL 3600425, at *13 (S.D.N.Y. Aug. 18, 2017) ("*SIBOR I*").

*Fifth*, Judge Hellerstein denied as futile FLH's motion for leave to amend to add new plaintiffs because, under *China Agritech*, the new plaintiffs' class claims were not entitled to *American Pipe* tolling. *SIBOR III*, 2019 WL 3388172, at *7. The same should hold true for the New Plaintiffs' claims here.

Judge Hellerstein's holdings in *SIBOR III*, like Judge Kaplan's analysis in *Dennis*, 342 F. Supp. 3d at 417, apply directly to Defendants' motion to dismiss here. Defendants respectfully submit that, for the reasons described in *SIBOR III*, this Court should grant Defendants' motion and dismiss the SAC in its entirety with prejudice.

Respectfully submitted,

*/s/ Eric J. Stock*
Eric J. Stock

cc: All Counsel of Record (via ECF)