IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., FRANK DIVITTO, RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP PLC, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-00871 (SHS) |

**ORDER
SCHEDULING A HEARING FOR F~~INAL~~ APPROVAL OF SETTLEMENT WITH
JPMORGAN CHASE & CO., AND APPROVING THE PROPOSED FORM
AND PROGRAM OF NOTICE TO THE CLASS**

Plaintiffs California State Teachers' Retirement System, Frank Divitto, Richard Dennis, and Fund Liquidation Holdings LLC (collectively, "Representative Plaintiffs") and the Settlement Class, having previously applied for and obtained an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant JPMorgan Chase & Co. ("JPMorgan") in accordance with the Stipulation and Agreement of Settlement entered into on June 2, 2017 (the "Settlement Agreement") between Representative Plaintiffs and JPMorgan, subject to providing notice of the Settlement to the Settlement Class at a later date (ECF No. 159); the Court having read and considered the proposed notice program, Distribution Plan and accompanying documents filed on June 29, 2022 in connection with the approval of additional settlements in the above-captioned action; and Representative Plaintiffs and JPMorgan (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this 15 day of February, 2023 upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court appoints Epiq as Settlement Administrator for purposes of the Settlement.

3. California State Teachers' Retirement System, Frank Divitto, Richard Dennis, and Fund Liquidation Holdings LLC are hereby appointed as representatives of the Settlement Class.

4. A hearing will be held on August 1, 2023 at 10 (a.m./p.m.) [at least 156 days after entry of this Order] in Courtroom 23A of this Courthouse before the undersigned to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and venue of the Fairness Hearing shall be set forth in the Class Notice,

which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Class Members, other than that which may be posted at the Court or on the Settlement website at www.swissfrancliborclassactionsettlement.com.

5. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

6. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

7. All proceedings in this Action as to JPMorgan, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

8. All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members

(including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

9. ~~Within sixty (60) days after entry of this Order~~ By April 24, 2023, the Settlement Administrator shall cause copies of the long form notice, in the form (without material variation) of Exhibit 2 to the Declaration of Vincent Briganti dated July 13, 2022 (the "Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Cameron R. Azari, dated June 28, 2022 (the "Azari Decl."). Declaration of Vincent Briganti dated June 29, 2022 ("June 29 Briganti Decl."), Ex. 3. The foregoing mailings shall be substantially completed no later than ~~one hundred (100) days after the date of the entry of this Order~~ June 1, 2023.

10. Commencing no later than ~~sixty (60) days after entry of this Order~~ April 24, 2023, the Settlement Administrator shall cause to be published a short form notice, without material variation from Exhibit 3 to the Briganti Decl., as described in the proposed notice program attached to the Azari Decl. June 29 Briganti Decl., Ex. 3. Prior to the Effective Date of the Settlement, all reasonable notice and administration costs up to $500,000 may be paid as set forth in the Settlement Agreement without further order of the Court.

11. The Settlement Administrator shall maintain a Settlement website, www.swissfrancliborclassactionsettlement.com, beginning on the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the long form and short form notices, the motion for preliminary approval and all exhibits attached thereto, and

3

the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement.

12. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

13. The Court approves, in form and substance, the long form notice, the short form notice, and the website as described herein. The Class Notice plan specified herein: (i) is the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of this Action and of their right to participate in, object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process.

14. ~~At least forty-two (42) days~~ By June 20, 2023 prior to the ~~Fairness Hearing~~, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 9-12 of this Order.

15. Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses or incentive awards, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard, may participate personally or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and JPMorgan's counsel shall

be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental entity shall be considered by the Court unless, not later than ~~twenty-eight (28) days prior to the Fairness Hearing~~ July 5, 2023, the Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and counsel of record for JPMorgan) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) the name, address, telephone number and email address of the Person or entity objecting and must be signed by the objector (an attorney's signature is not sufficient); (2) a heading that refers to this Action by case name and case number (*Sonterra Capital Master Fund Ltd., et al. v. Credit Suisse Group AG, et al.*, No. 1:15-cv-00871 (SHS) (S.D.N.Y.)); (3) a statement of the Class Member's or governmental entity's objection or objections, and the specific legal and factual basis for each objection argument, including any legal and evidentiary support the Class Member or governmental entity wishes to bring to the Court's attention; (4) whether the objection applies only to the objecting Person or entity, a specific subset of the Class, or the entire Class; (5) documentary proof of the objecting Person's or entity's membership in the Settlement Class including a description of the Swiss Franc LIBOR-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the counterparty to the transaction, the date of the transaction, the type of the transaction, any transaction identification numbers, the rate, and the notional amount of the transaction); (6) a statement of whether the objecting Person or entity intends to participate at the Fairness Hearing, either in person or through counsel and, if

5

through counsel, a statement identifying that counsel by name, address, telephone number, and email address; (7) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years; and (8) a description of any and all evidence the objecting Person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; and all exhibits intended to be introduced at the Fairness Hearing. Persons or entities who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

16. Any objection to the Settlement submitted by a Class Member or governmental entity pursuant to paragraph 15 of this Order must be signed by the Class Member or governmental entity (or his, her, or its legally authorized representative), even if the Class Member or governmental entity is represented by counsel. The right to object to the proposed Settlement must be exercised individually by a Class Member or governmental entity, or the Person's or entity's attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Class Member's or governmental entity's legally authorized representative.

17. Objectors may, in certain circumstances, be required to make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

18. Any Class Member or governmental entity that fails to object in the manner described in paragraphs 15-17 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than ~~ten (10) days before~~ July 21, 2023

the Fairness ~~Hearing~~. Class Counsel, JPMorgan's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than ~~seven (7) days before the Fairness Hearing~~ July 25, 2023.

19. Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the long form notice and received no later than ~~twenty-eight (28) days before the Fairness Hearing~~ July 5, 2023 (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

    (a) the name, address, telephone number, and email address of the Person or entity seeking exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact person;

    (b) a statement that such Person or entity requests to be excluded from the Settlement Class in this Action (*Sonterra Capital Master Fund Ltd., et al. v. Credit Suisse Group AG, et al.*, No. 1:15-cv-00871 (SHS) (S.D.N.Y.)); and

    (c) one or more document(s) sufficient to prove membership in the Settlement Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

With respect to the kinds of documents that are requested under subsection (c) of this Paragraph, any Class Member seeking to exclude himself, herself or itself from the Settlement Class is also requested to and may opt to provide one or more documents(s) evidencing eligible trading in Swiss Franc LIBOR-Based Derivatives during the Class Period (including for each transaction, the date, time and location of the transaction, the instrument type, direction (*i.e.*, purchase or sale) of the transaction, the counterparty, any transaction identification numbers, and the total amount transacted (in Swiss francs) (CHF)).

7

20. Any Request for Exclusion from the Settlement submitted by a Class Member pursuant to paragraph 19 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 19 of this Order, complies with this paragraph 20, and is received by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Class Member who submits any Request for Exclusion limited to information the Parties require for purposes of determining whether the confidential provision setting forth certain conditions under which the Settlement may be terminated if potential Class Members who meet certain criteria exclude themselves from the Settlement Class has been triggered.

21. Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Action or the proposed Settlement.

22. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log or Request for Exclusion to Class Counsel and JPMorgan's counsel as requested.

23. The Settlement Administrator shall furnish Class Counsel and counsel for JPMorgan with copies of any and all objections, notices of intention to appear, and other

communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within two (2) Business Day(s) of receipt thereof.

24. ~~Within five (5) Business Days following the Exclusion Bar Date~~ By July 10, 2023, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for JPMorgan and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within two (2) Business Day(s) after receipt by the Settlement Administrator and, in no event, ~~later than five (5) Business Days~~ after July 10, 2023 ~~the Exclusion Bar Date~~. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

25. All Proofs of Claim and Release shall be submitted by Class Members to the Settlement Administrator as directed in the long form notice and must be postmarked no later than August 31, 2023 ~~thirty (30) days after the Fairness Hearing~~.

26. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the long form notice and the short form notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and

9

Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for JPMorgan; and (j) providing Class Counsel and counsel for JPMorgan with copies of any Requests for Exclusion (including all documents submitted with such requests).

27. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

28. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

29. The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

30. Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the

Preliminary Approval Order nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by JPMorgan; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation or artificiality of the prices for Swiss Franc LIBOR-Based Derivatives; (e) any fault or omission of JPMorgan in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of JPMorgan and Representative Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

31. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement ~~at least~~ by June 20, 2023 ~~forty-two (42) days prior to the Fairness Hearing;~~ and reply papers, if any, shall be filed no later than ~~seven (7) days before the Fairness Hearing~~ July 25, 2023.

32. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

33. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.swissfrancliborclassactionsettlement.com.

34. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

35. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

36. The Court's preliminary certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein, are without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

37. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

**IT IS SO ORDERED.**

Signed this 15 day of February, 2023 at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable Sidney H. Stein
United States District Judge