EXECUTION VERSION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 15-cv-00871 (SHS) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
GOVERNING MATERIALS PRODUCED BY
NEX GROUP PLC, NEX INTERNATIONAL LIMITED (F/K/A ICAP PLC),
ICAP CAPITAL MARKETS LLC (N/K/A INTERCAPITAL CAPITAL
MARKETS LLC), ICAP SECURITIES USA LLC, AND ICAP EUROPE LIMITED**

SIDNEY H. STEIN, District Judge:

Defendants NEX Group plc, NEX International Limited (f/k/a ICAP plc), ICAP Capital Markets LLC (n/k/a Intercapital Capital Markets LLC), ICAP Securities USA LLC, and ICAP Europe Limited (collectively, "ICAP") and California State Teachers' Retirement System, Richard Dennis, and Fund Liquidation Holdings LLC, and any subsequently named plaintiff(s) (collectively, the "Representative Plaintiffs") in this action have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the exchange of information between ICAP and Representative Plaintiffs, it is therefore hereby ORDERED that any person subject to this order (the "Order")—including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of the Order—shall adhere to the following terms:

1.  All information and documents of any kind provided by ICAP, or any current or former affiliate, subsidiary, or employee of ICAP, with respect to this action, including, without limitation, written discovery responses and deposition testimony, shall hereinafter be referred to as "ICAP Discovery Material." Any person subject to this Order who receives from any other person any ICAP Discovery Material, including any party to this action, shall not disclose said ICAP Discovery Material to anyone else except as expressly permitted hereunder.

2.  All ICAP Discovery Material shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future, provided that any designated claims administrator of the proposed settlement between ICAP and Representative Plaintiffs (the "Settlement Administrator") may use

the contact information of counterparties to Swiss Franc LIBOR-based derivatives transactions for the purpose of mailing the notice of the proposed settlement to any member of the settlement class conditionally certified by the Court in connection with preliminary approval of the settlement, and other data customarily used by a Settlement Administrator in processing claims. The ICAP Discovery Material shall not be used directly or indirectly for institution or prosecution of any other action or proceedings against any Released Party.[1] The foregoing restriction shall not apply to any information or documents that is or becomes publicly available.

3. ICAP may designate as "Confidential" any ICAP Discovery Material (hereinafter referred to as "Confidential ICAP Discovery Material") that consists of:

    a. Financial information not previously disclosed to the public (including without limitation, profit and loss reports or estimates, trading positions, transactional data, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

    b. Material not previously disclosed to the public relating to ownership or control of any non-public company;

    c. Business plans, trading strategies, or marketing materials not previously disclosed to the public;

---

[1] Released Party means ICAP and its affiliates, its predecessors, successors, assigns, its direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of ICAP), shareholders (in their capacity as shareholders of ICAP), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used herein, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, Released Parties does not include named Defendant TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc), Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, and Cosmorex AG with respect to any claim of direct (non-derivative) liability arising out of its conduct alleged in the Action, or TP ICAP Group plc with respect to any ultimate liability, if any, it may have as the parent of Defendant TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc).

      d. Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

      e. Information for which applicable law—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law, or

      f. Any other categories of information hereinafter given confidential status by the Court.

4. ICAP may designate any given ICAP Discovery Material as "Highly Confidential" (hereinafter referred to as "Highly Confidential ICAP Discovery Material") where: (a) ICAP reasonably and in good faith believes that disclosure of the ICAP Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to ICAP, or to improper market manipulation; or (b) such ICAP Discovery Material includes information for which applicable law—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law, trade secrets within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and/or undisclosed financial information of a third party.

5. With respect to Confidential or Highly Confidential ICAP Discovery Material other than deposition transcripts and exhibits, ICAP and its counsel may designate such ICAP Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the ICAP Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential ICAP Discovery Material unless otherwise specified in writing or on the record of the deposition by

ICAP. If ICAP designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential ICAP Discovery Material shall (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing Exhibit A, (b) treat copies of any transcript, reporter's notes, audio or video recordings, or any other transcription records as Confidential or Highly Confidential ICAP Discovery Material, and (c) deliver any transcript or video containing Confidential or Highly Confidential ICAP Discovery Material only to counsel, the witness or the Court (filed under seal). A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7. During a deposition, only persons to whom, respectively, disclosure of Confidential or Highly Confidential ICAP Discovery Material is permitted under Paragraphs 10 or 11 of this Order shall remain present while Confidential or Highly Confidential ICAP Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential ICAP Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under, respectively, Paragraphs 10 or 11 of this Order is present.

8. If at any time prior to the trial of this action, a party—other than ICAP who produced and originally designated such material—believes that some portion[s] of ICAP Discovery Material were previously produced without a proper designation (including that the

ICAP Discovery Material should have been produced with a less restrictive designation), that party may notify all parties and ICAP in writing, and such designated portion[s] of the ICAP Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order until any dispute about the proper designation is resolved. In addition, ICAP and the party seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such ICAP Discovery Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. Pursuant to such ruling, ICAP shall provide to each other party replacement versions of such ICAP Discovery Material that bears the new designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9. If at any time prior to the trial of this action, ICAP realizes that some portion[s] of the ICAP Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may so designate by notifying all parties who received such material in writing, and such designated portion[s] of the ICAP Discovery Material will thereafter be treated pursuant to the replacement designation. In addition, ICAP shall provide all parties with replacement versions of such ICAP Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

10. Other than ICAP, no person subject to this Order (including any witness to whom Confidential ICAP Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Confidential ICAP Discovery Material to any other person whomsoever, except to

individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

  a. Representative Plaintiffs, or any other party to this action that first executes a Non-Disclosure Agreement in the form annexed as Exhibit A hereto ("NDA Parties");

  b. Representative Plaintiffs' or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

  c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  d. any witness who counsel for Representative Plaintiffs or an NDA Party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

  e. any person retained by Representative Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

  f. stenographers engaged to transcribe depositions conducted in this action;

  g. independent photocopying, graphic production services, or litigation support services employed by Representative Plaintiffs or an NDA Party or their

        counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

   h.   the Court and its support personnel;

   i.   any court-appointed Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Swiss Franc LIBOR-based derivatives transactions with whom ICAP transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

   j.   any other person whom ICAP in its sole discretion agrees in writing may have access to such ICAP Discovery Material.

11. Other than ICAP, no person subject to this Order (including any witness to whom Highly Confidential ICAP Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Highly Confidential ICAP Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

   a.   Representative Plaintiffs or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers,

      including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

b. in the case of any Representative Plaintiffs or NDA Party to the litigation who is a natural person, to that natural person himself; or in the case of any Representative Plaintiffs or NDA Party to the litigation that is not a natural person, those specific designated representatives of the Representative Plaintiffs or NDA Party who are the primary decision-makers with authority and control over the prosecution or defense of the litigation;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who has been subpoenaed or otherwise called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

e. any person retained by Representative Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

f. stenographers engaged to transcribe depositions conducted in this Action;

g. independent photocopying, graphic production services, or litigation support services employed by Representative Plaintiffs or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h. the Court and its support personnel;

  i. any court-appointed Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Swiss Franc LIBOR-based derivatives transactions with whom ICAP transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

  j. any other person whom ICAP in its sole discretion agrees in writing may have access to such ICAP Discovery Material.

12. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential ICAP Discovery Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of ICAP Discovery Material if such disclosure is not otherwise permitted under this Order.

13. Regarding ICAP Discovery Material related to experts:

  a. The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D), effective December 1, 2015, shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

  b. Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports

        developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

    c. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case. No discovery can be taken from any non-testifying or consulting expert.

    d. No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case.

    e. Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13(a)-(d) shall be treated as attorney work product for the purposes of these proceedings and this Order.

14. Nothing in this Order shall limit ICAP's rights concerning the ICAP Discovery Material it produces.

15. Prior to any disclosure of any Confidential or Highly Confidential ICAP Discovery Material to any person referred to in subparagraphs 10(d) or 11(d) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order. Prior to any disclosure of any Confidential or Highly Confidential ICAP Discovery Material to any person referred to in subparagraphs 10(e) or 11(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement

Case 1:15-cv-00871-SHS Document 462 Filed 06/29/23 Page 11 of 20

in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition, hearing or trial).

16. All Confidential and Highly Confidential ICAP Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential ICAP Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing. Any party to this action may access Confidential or Highly Confidential ICAP Discovery Material filed under seal with the Court, and shall be subject to this Order with respect to any Confidential or Highly Confidential ICAP Discovery Material filed under seal, including but not limited to the confidentiality restrictions set forth in paragraphs 10 and 11.

17. Each person who has access to ICAP Discovery Material produced by ICAP that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

18. If, in connection with this action, ICAP claims that it has inadvertently produced ICAP Discovery Material that is subject to a claim of privilege or protection, including, without limitation, attorney-client privilege, attorney work product protection, data privacy laws, bank secrecy laws, state secrecy laws or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

19. If ICAP makes a claim of inadvertent disclosure, the receiving party shall, within fourteen (14) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

20. Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, ICAP shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production.

22. ICAP retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23. ICAP may designate ICAP Discovery Material as "Confidential" or "Highly Confidential" consistent with the terms of this Order, even if ICAP is no longer a named party to this action. In such circumstances, ICAP Discovery Material designated Confidential or Highly Confidential by the non-party ICAP shall be assigned the same protection as ICAP Discovery Material so designated by ICAP as a party to this action, and all duties applicable to a party under this Order shall apply to a non-party ICAP designating ICAP Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to persons receiving ICAP Discovery Materials shall apply to any person receiving ICAP Discovery Material from such non-party ICAP.

24. If, at any time, any ICAP Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to ICAP and its counsel and include with that notice a copy of the subpoena or request. To the extent permitted by law, the person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to ICAP and its counsel in order to provide ICAP a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the ICAP Discovery Material. If the person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed shall, to the extent permitted by law, notify ICAP and its counsel of this fact. In no event shall such ICAP Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing ICAP an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that ICAP Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such ICAP Discovery Material. The production of Confidential or Highly Confidential ICAP Discovery Material pursuant to a subpoena or request shall not cause such Confidential or Highly Confidential ICAP Discovery Material to lose its status as Confidential or Highly Confidential ICAP Discovery Material.

25.     In order to expedite production of voluminous materials, if ICAP is producing ICAP Discovery Material previously produced to a regulator or to another party in another litigation, ICAP may designate those collections of documents that by their nature contain Confidential or Highly Confidential ICAP Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one of more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection asserted.

26.     Confidential or Highly Confidential ICAP Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential ICAP Discovery Material solely because it was or is so produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential ICAP Discovery Material available to one or more third parties.

27.     The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential ICAP Discovery Material at hearings or at the trial of this action not fewer than ten (10) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than ten (10) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential ICAP Discovery Material at hearings or trial shall

Case 1:15-cv-00871-SHS Document 462 Filed 06/29/23 Page 15 of 20

not cause such Confidential or Highly Confidential ICAP Discovery Material to lose its status as Confidential or Highly Confidential ICAP Discovery Material.

28. This Order shall survive the termination of the litigation. The Court retains jurisdiction over parties, counsel for parties and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of ICAP, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential ICAP Discovery Material and all copies of such material shall be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of ICAP's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential ICAP Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this litigation, which reflect, summarize or otherwise refer to Confidential or Highly Confidential Material, and copies thereof retained by counsel, so long as such material is clearly marked to reflect that it contains such information and the person retaining such material otherwise complies with this Order with respect to such retained material.

29. This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

- 16 -

30. Nothing herein shall preclude any party from seeking modification of this Order or additional protection for particular documents for good cause.

31. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

32. This Stipulation and Order may be executed in counterparts.

33. This Stipulation and Order made be modified for good cause shown.

**SO STIPULATED AND AGREED.**

Counsel for Representative Plaintiffs

*/s/ Vincent Briganti*

Vincent Briganti
Geoffrey M. Horn
Raymond P. Girnys
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
ghorn@lowey.com
rgirnys@lowey.com

Counsel for NEX Group plc, NEX International Limited (f/k/a ICAP plc), ICAP Capital Markets LLC (n/k/a Intercapital Capital Markets LLC), ICAP Securities USA LLC, and ICAP Europe Limited

*/s/ H. Rowan Gaither*

Shari A. Brandt
H. Rowan Gaither
**PERKINS COIE LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 262-6900
sbrandt@perkinscoie.com
rgaither@perkinscoie.com

**IT IS SO ORDERED.**

DATED: 6/30/2023

*Sidney H. Stein*
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

- 17 -

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 15-cv-00871 (SHS) |

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that have read and understand the Stipulation and Protective Order Governing Materials Produced by NEX Group plc, NEX International Limited (f/k/a ICAP plc), ICAP Capital Markets LLC (n/k/a Intercapital Capital Markets LLC), ICAP Securities USA LLC, and ICAP Europe Limited (the "Protective Order") in this action. I agree that I will use ICAP Discovery Material solely for the prosecution or defense of this action and for no other purpose and that I am subject to the terms of the Protective Order. For the avoidance of doubt, I agree that I will not disclose ICAP Discovery Material, including ICAP Discovery Material designated as Confidential or Highly Confidential, except as authorized by the Protective Order, and that at the conclusion of the litigation I will return all ICAP Discovery Material I have received to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____    _____
                                                                                    [NAME]