UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against – <br><br> CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-00871 (SHS) |

[PROPOSED]
FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
NEX GROUP PLC, NEX INTERNATIONAL LIMITED (F/K/A ICAP PLC), ICAP
CAPITAL MARKETS LLC (N/K/A INTERCAPITAL CAPITAL MARKETS LLC),
ICAP SECURITIES USA LLC, AND ICAP EUROPE LIMITED

This matter came for a duly-noticed hearing on September 27, 2023 (the "Fairness Hearing"), upon Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with NEX Group plc, NEX International Limited (f/k/a ICAP plc), ICAP Capital Markets LLC (n/k/a Intercapital Capital Markets LLC), ICAP Securities USA LLC, and ICAP Europe Limited (collectively, "ICAP") in the action captioned *Fund Liquidation Holdings, LLC v. Credit Suisse Group AG, et al.*, Case No. 15-cv-00871 (SHS) (S.D.N.Y.) (the "Action"), which was consented to by ICAP (together with Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 13, 2023 between Representative Plaintiffs and ICAP, ECF No. 432-1 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. Upon the Effective Date of the Settlement, the Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to ICAP (but not any other Defendant) without fees or costs except as provided by the terms of the Settlement.

3. Upon the Effective Date of the Settlement, the Action shall be dismissed fully, finally, and in its entirety against ICAP.

---

[1] "Plaintiffs" are California State Teachers' Retirement System, Richard Dennis, and Fund Liquidation Holdings LLC.

4. Upon the Effective Date of the Settlement, the Releasing Parties[2] shall be deemed to have, and by operation of this Final Judgment have, finally and forever released and discharged from and covenanted not to sue the Released Parties[3] for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or

---

[2] "Releasing Parties" means each and every Representative Plaintiff, Sonterra Capital Master Fund Ltd., FrontPoint European Fund, L.P., FrontPoint Financial Services Fund, L.P., FrontPoint Healthcare Flagship Enhanced Fund, L.P., FrontPoint Healthcare Flagship Fund, L.P., FrontPoint Healthcare Horizons Fund, L.P., FrontPoint Financial Horizons Fund, L.P., FrontPoint Utility and Energy Fund, L.P., Hunter Global Investors Fund I, L.P., Hunter Global Investors Fund II, L.P., Hunter Global Investors Offshore Fund Ltd., Hunter Global Investors Offshore Fund II Ltd., Hunter Global Investors SRI Fund Ltd., HG Holdings Ltd., HG Holdings II Ltd., and Frank Divitto, and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, estates, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring claims on behalf of Settling Class Members relating to their transactions in Swiss Franc LIBOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Swiss franc LIBOR held by Representative Plaintiffs, Sonterra Capital Master Fund Ltd., FrontPoint European Fund, L.P., FrontPoint Financial Services Fund, L.P., FrontPoint Healthcare Flagship Enhanced Fund, L.P., FrontPoint Healthcare Flagship Fund, L.P., FrontPoint Healthcare Horizons Fund, L.P., FrontPoint Financial Horizons Fund, L.P., FrontPoint Utility and Energy Fund, L.P., Hunter Global Investors Fund I, L.P., Hunter Global Investors Fund II, L.P., Hunter Global Investors Offshore Fund Ltd., Hunter Global Investors Offshore Fund II Ltd., Hunter Global Investors SRI Fund Ltd., HG Holdings Ltd., HG Holdings II Ltd., and Frank Divitto, or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.). *See* Settlement Agreement § 1(II).

[3] "Released Parties" means ICAP and its affiliates, its predecessors, successors, assigns, its direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of ICAP), shareholders (in their capacity as shareholders of ICAP), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, except as otherwise provided in this paragraph. As used in this paragraph, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, Released Parties does not include named Defendant TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc), Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, and Cosmorex AG with respect to any claim of direct (non-derivative) liability arising out of its conduct alleged in the Action, or TP ICAP Group plc with respect to any ultimate liability, if any, it may have as the parent of Defendant TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc). *See* Settlement Agreement § 1(HH).

2

ICAP; or (iv) any claims against any defendant who may be subsequently added in the Action, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Class Members domiciled outside the United States.

6.  Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

7.  Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

8.  The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to ICAP shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 27th day of September, 2023.

Hon. Sidney H. Stein
United States District Judge