## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, | Docket No. 15-cv-00871 (SHS) |

Plaintiffs,

- against –

CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50,

Defendants.

### [PROPOSED]
### FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT
### WITH JPMORGAN CHASE & CO.

This matter came for a duly-noticed hearing on September 27, 2023 (the "Fairness Hearing"), upon Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with JPMorgan Chase & Co. ("JPMorgan") in the action captioned *Fund Liquidation Holdings, LLC v. Credit Suisse Group AG et al.*, Case No. 15-cv-00871 (SHS) (S.D.N.Y.) (the "Action"), which was consented to by JPMorgan (together with Plaintiffs, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement, dated June 2, 2017, ECF No. 151-1 (the "Settlement Agreement"), having been given to the Settlement Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement, and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.     For purposes only of the settlement of the Released Claims[2] set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class:

---

[1] "Plaintiffs" are California State Teachers' Retirement System, Richard Dennis, and Fund Liquidation Holdings LLC.

[2] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action or which could have been alleged in the Action against the Released Parties concerning any Swiss Franc LIBOR-Based Derivatives or any other financial instruments priced, benchmarked, or settled to Swiss franc LIBOR purchased, sold, and/or held by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such other financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including, but not limited to, any alleged manipulation of Swiss franc LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Swiss franc

All Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in Swiss Franc LIBOR-Based Derivatives[3] during the Class Period, provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

3.  Based on the record, the Court reconfirms that the applicable provisions of Rule 23

of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.  In so holding, the Court finds that, solely for purposes of settlement, the Settlement

Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court

hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous

that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1);

(ii) common questions of law and fact exist with regard to JPMorgan's alleged manipulation of

Swiss Franc LIBOR-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiffs' claims in this

---

LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former JPMorgan employees arising solely from those former employees' conduct that occurred while not employed by JPMorgan; (ii) any claims against the named Defendants in this Action other than JPMorgan; (iii) any claims against inter-dealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of inter-dealer brokers; or (iv) any claims against any defendant who may be subsequently added in the Action, other than any affiliate or subsidiary of JPMorgan. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States. *See* Settlement Agreement § 12.

[3] "Swiss Franc LIBOR-Based Derivatives" means (i) a three-month Euro Swiss franc futures contract on the London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) a Swiss franc currency futures contract on the Chicago Mercantile Exchange ("CME"); (iii) a Swiss franc LIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) an option on a Swiss franc LIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) a Swiss franc currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vi) a Swiss franc LIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S. *See* Settlement Agreement § 1 (PP).

litigation are typical of those of the Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members; and (v) Lowey Dannenberg, P.C. has adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5.      Plaintiffs are hereby approved to serve as representatives of such Settlement Class for purposes of the Settlement.

6.      Lowey Dannenberg, P.C. is appointed Class Counsel to the Settlement Class for the purposes of the Settlement.

7.      In the Action only and solely for purposes of the Settlement, this Court: (i) has personal jurisdiction over Representative Plaintiffs, JPMorgan, and all Settlement Class Members, and (ii) subject matter jurisdiction over the Action to consider the Settlement Agreement and all exhibits attached thereto.

8.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and approved by the Court in the Order dated February 15, 2023 (ECF No. 427), amended by Order dated May 16, 2023 (ECF No. 458); (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, Incentive Award(s), and for reimbursement of expenses associated with the

3

Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Based upon JPMorgan's submission to the Court dated July 24, 2023 (ECF No. 464), the Court further finds that JPMorgan has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9.      The Court finds that __0__ Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. ~~The excluded members of the Settlement Class are identified at ECF No. _____.~~ The excluded members of the Settlement Class as to the Settlement with JPMorgan identified at ECF No. ___ shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against JPMorgan, including but not limited to any and all future prosecution of the Action against JPMorgan.

*SHS*

10.     The Court finds that __0__ objections to the proposed Settlement have been submitted. Notwithstanding the {lack of} objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

*SHS*

11.     It is hereby determined that all Settling Class Members are bound by the Settlement Agreement and this Final Approval Order regardless of whether such Settling Class Members execute and deliver a Proof of Claim and Release.

12.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the

4

Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Representative Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and the Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. The Court finds that the relief provided by the Settlement is adequate and Settlement Class Members are treated equitably. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

13.    Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Representative Plaintiffs or JPMorgan, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final in accordance with its terms, then the provisions of this Final Approval Order shall be null and void with respect to the Settlement; Representative Plaintiffs' and Settling Class Members' claims shall be reinstated; JPMorgan's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth in the Settlement Agreement, shall be without prejudice to the rights of any Party,

5

and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive their termination shall continue to have the same force and effect intended by the Parties.

14.     The Settlement Fund defined in the Settlement Agreement has been established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

15.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 36 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Approval Order, the Representative Plaintiffs, JPMorgan, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Except as otherwise provided

6

in the Settlement Agreement, any disputes involving the Representative Plaintiffs, JPMorgan, or Settling Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

16.     Each Settling Class Member must execute a release and covenant not to sue, in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settling Class Member's share, if any, of the Net Settlement Fund defined in the Settlement Agreement. The Court hereby confirms the appointment of Epiq Class Action and Claims Solutions, Inc. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Settling Class Members contains a copy of such release and covenant not to sue. However, Settling Class Members' claims shall be released and barred pursuant to Section 12 of the Settlement Agreement regardless of whether the Settling Class Member executes a release and covenant not to sue.

17.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against the Released Parties[4] involving the Released Claims that are maintained by or on behalf of any Releasing Party regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the proposed Settlement.

---

[4] "Released Parties" means JPMorgan, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than JPMorgan. *See* Settlement Agreement § 1(GG).

18. The Court hereby approves the release and covenant not to sue set forth in Section 12 of the Settlement and directs dismissal of the Action as against JPMorgan and any Released Parties (but not any other Defendant) fully, finally and with prejudice, pursuant to the terms of the Settlement and the Final Judgment to be entered concurrently herewith.

19. The Court permanently bars and enjoins the Releasing Parties[5] and all Settling Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against JPMorgan or any Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against JPMorgan or any Released Parties based on the Released Claims; (c) organizing members of the Settlement Class into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against JPMorgan or any

---

[5] "Releasing Parties" means each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring claims on behalf of Settling Class Members relating to their transactions in Swiss Franc LIBOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Swiss franc LIBOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.). *See* Settlement Agreement § 1(HH).

8

Released Parties based on the Released Claims; or (d) assisting any third party in the prosecution of any Released Claims against JPMorgan or any Released Parties.

20.     The Court permanently bars and enjoins claims by any Person against JPMorgan or any Released Parties for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims against JPMorgan and any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, or indemnification from JPMorgan or any Released Parties arising out of or related to Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against JPMorgan or any Released Parties.

21.     The Court permanently bars and enjoins claims by JPMorgan or any Released Parties against any other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims by JPMorgan and any Released Parties for contribution or indemnification (however denominated) from other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Action and absolves the other Defendants against any

claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants. For the avoidance of doubt, this paragraph shall not bar any claims, including claims for contribution or indemnification (however denominated) by JPMorgan and/or any Released Parties against any third parties other than other Defendants in this Action.

22.     Neither the Settlement Agreement (nor its respective exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of JPMorgan or any Released Party; (b) the truth of any of the claims, defenses or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; (e) any fault or omission of JPMorgan or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether

10

in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by JPMorgan to the Representative Plaintiffs or by the Representative Plaintiffs to the JPMorgan in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

23.     The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

24.     Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

25.     The Distribution Plan and the Proof of Claim and Release Form are each approved as fair, reasonable, and adequate.

26.     The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

11

27.    The Court's certification of the Settlement Class and appointment of the Plaintiffs

as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any

Defendant to contest any other request by the Plaintiffs to certify a class.  The Court's findings in

this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any

class or to appoint class representatives in this litigation or any challenge to the Plaintiffs' capacity

to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of

the Settlement Class as binding or persuasive authority with respect to any such motion or

challenge.

28.    Class Counsel's request for attorneys' fees and reimbursement of expenses (and

Incentive Awards for the Plaintiffs) shall be the subject of a separate order by the Court.

**IT IS SO ORDERED.**

Signed this ___27th___ day of ___September___ 2023.

Hon. Sidney H. Stein
United States District Judge

12