UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-00871 (SHS) |

[PROPOSED]
ORDER GRANTING CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter came for a duly-noticed hearing on September 27, 2023 (the "Settlement Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of

Expenses ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Settlement Hearing. Due and adequate notice of the Settlement Agreements entered into between Plaintiffs[1] and Settling Defendants[2] having been given to the Settlement Class Members, the Settlement Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the Settlements to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over Plaintiffs and the Settling Defendants and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

---

[1] "Plaintiffs" are California State Teachers' Retirement System ("CalSTRS"), Richard Dennis, and Fund Liquidation Holdings LLC ("FLH").

[2] "Setting Defendants" are collectively JPMorgan Chase & Co. ("JPMorgan"); (2) NatWest Markets plc (f/k/a The Royal Bank of Scotland plc) ("RBS"); (3) Deutsche Bank AG and DB Group Services (UK) Ltd. (collectively, "Deutsche Bank"); (4) Credit Suisse Group AG and Credit Suisse AG (collectively, "Credit Suisse"); (5) NEX Group plc, NEX International Limited (f/k/a ICAP plc), ICAP Capital Markets LLC (n/k/a Intercapital Capital Markets LLC), ICAP Securities USA LLC, and ICAP Europe Limited (collectively, "ICAP"); and (6) TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc), Tullett Prebon Americas Corp., Tullett Prebon (USA) Inc., Tullett Prebon Financial Services LLC, Tullett Prebon (Europe) Limited, and Cosmorex AG (together, "TP ICAP"), Gottex Brokers SA ("Gottex"), and Velcor SA ("Velcor" and, collectively with TP ICAP and Gottex, the "Settling Brokers"). The Stipulations and Agreements of Settlements as to the Settling Defendants (the "Settlement Agreements") are attached to the Declarations of Vincent Briganti in support of the motions for preliminary approval of the Settlements. *See* ECF Nos. 151-1, 384-1, 384-2, 391-1, 432-1, and 454-1. Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreements.

3. The Court hereby awards Class Counsel attorneys' fees of $ _19,237,500._ ( _26.01_ % of the total Settlement Fund), and litigation expenses of $ _342,926.76_ , together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund.

4. Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution and settlement in this Action.

5. In making this award of attorneys' fees and reimbursement of litigation expenses, the Court has considered and found that:

   a. the Settlement Agreements with Settling Defendants have created a fund of $73,950,000 in cash that Settling Defendants have paid into escrow pursuant to the terms of the Settlement Agreements;

   b. Class Members who or which submit valid Proofs of Claim and Release will benefit from settlements reached because of the efforts of Plaintiffs' Counsel;

   c. Plaintiffs' Counsel have prosecuted the Action and achieved the Settlements with skill, perseverance, and diligent advocacy;

   d. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   e. Had Class Counsel not achieved these Settlements with the Settling Defendants, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from the Settling Defendants;

3

    f.    The contingent nature, substantial risks and complexity of the Action favor the fee percentage awarded above;

    g.    Public policy considerations support the requested fee; ~~as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;~~ [SHS]

    h.    Notice was disseminated stating that Class Counsel would be moving for attorneys' fees of not more than 28% of the Settlement Fund and reimbursement of litigation expenses and costs not to exceed $750,000, plus interest; and

    i.    The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6.    Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7.    In the event that a Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, as to that Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8.    Pursuant to the Settlement Agreements, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and are also independent of the Court's consideration of the Distribution Plan.

9.    The attorneys' fees and reimbursement of expenses awarded herein may be paid to

Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Signed this 27 day of November, 2023.

Honorable Sidney H. Stein
United States District Judge