**EXECUTION VERSION**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, | Docket No. 15-cv-00871 (SHS) |
| Plaintiffs, | |
| - against - | |
| CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

## STIPULATION AND PROTECTIVE ORDER GOVERNING MATERIALS PRODUCED BY CREDIT SUISSE GROUP AG AND CREDIT SUISSE AG

SIDNEY H. STEIN, District Judge:

Defendants Credit Suisse Group AG and Credit Suisse AG (collectively "Credit Suisse") and California State Teachers' Retirement System, Frank Divitto, Richard Dennis, and Fund Liquidation Holdings LLC, and any subsequently named plaintiff(s) (collectively, the "Representative Plaintiffs") in this action have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the exchange of information between Credit Suisse and Representative Plaintiffs, it is therefore hereby ORDERED that any person subject to this order (the "Order")—including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of the Order—shall adhere to the following terms:

1.    All information, documents and data of any kind provided by Credit Suisse, or any current or former affiliate, subsidiary, or employee of Credit Suisse, with respect to this action, including, without limitation, written discovery responses and deposition testimony, shall hereinafter be referred to as "Credit Suisse Discovery Material." Any person subject to this Order who receives from any other person any Credit Suisse Discovery Material, including any party to this action, shall not disclose said Credit Suisse Discovery Material to anyone else except as expressly permitted hereunder.

2.    All Credit Suisse Discovery Material shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future, provided that the Settlement Administrator, as defined in the Settlement Agreements, may use the contact information of counterparties to Swiss Franc LIBOR-

1

based derivatives transactions, as defined in the Settlement Agreement, for the purpose of mailing the Class Notice, as defined in the Settlement Agreement, and other data customarily used by a Settlement Administrator in processing claims. The Credit Suisse Discovery Material shall not be used for institution or prosecution of any other action or proceedings against any Released Party.[1] The foregoing restriction shall not apply to any information or documents that is or becomes publicly available.

    3.    Credit Suisse may designate as "Confidential" any Credit Suisse Discovery Material (hereinafter referred to as "Confidential Credit Suisse Discovery Material") that consists of:

    a.    financial information not previously disclosed to the public (including, without limitation, profit and loss reports or estimates, trading positions, transactional data, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

    b.    material not previously disclosed to the public relating to ownership or control of any non-public company;

    c.    business plans, trading strategies, or marketing materials not previously disclosed to the public;

---

[1] Released Party refers to Credit Suisse, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Credit Suisse), shareholders (in their capacity as shareholders of Credit Suisse), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Credit Suisse.

       d.     proprietary business information or communications, or other confidential research, development, or commercial information or communications;

       e.     information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law; or

       f.     any other category of information hereinafter given confidential status by the Court.

4.     Credit Suisse may designate any given Credit Suisse Discovery Material as "Highly Confidential" (hereinafter referred to as "Highly Confidential Credit Suisse Discovery Material") where: (a) Credit Suisse reasonably and in good faith believes that disclosure of the Credit Suisse Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to Credit Suisse, or to improper market manipulation; or (b) such Credit Suisse Discovery Material includes (i) information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law, (ii) trade secrets within the meaning of FED. R. CIV. P. 26(c)(1)(G), and/or undisclosed financial or other confidential information of a third party.

5.     (a) With respect to Confidential or Highly Confidential Credit Suisse Discovery Material other than deposition transcripts and exhibits, Credit Suisse and its counsel may designate such Credit Suisse Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the Credit Suisse Discovery Material in a manner that will not interfere with legibility or audibility.

(b) If the Credit Suisse Discovery Material is electronically stored information ("ESI") and stamping or otherwise clearly marking such Credit Suisse Discovery Material is not possible, Credit Suisse may designate such Credit Suisse Discovery Material as "Confidential" or "Highly Confidential" by (1) affixing a stamp with "Confidential" or "Highly Confidential" on the medium on which the ESI is stored when copies are delivered to Representative Plaintiffs and (2) designating the production as "Confidential" or "Highly Confidential" in the transmittal cover letter.

(c) Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Until such time period expires without a confidentiality designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential Credit Suisse Discovery Material unless otherwise specified in writing or on the record of the deposition by Credit Suisse. If Credit Suisse designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6.    Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential Credit Suisse Discovery Material shall (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing a Non-Disclosure Agreement in the form annexed as Exhibit 1, hereto, (b) treat copies of any transcript, reporter's notes, audio or video recordings, or any other

transcription records as Confidential or Highly Confidential Credit Suisse Discovery Material, and (c) deliver any transcript or video containing Confidential or Highly Confidential Credit Suisse Discovery Material only to counsel, the witness or the Court (in accordance with applicable orders). A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7.      During a deposition, only persons to whom, respectively, disclosure of Confidential or Highly Confidential Credit Suisse Discovery Material is permitted under Paragraphs 10 or 11 of this Order will remain present while Confidential or Highly Confidential Credit Suisse Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential Credit Suisse Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under, respectively, Paragraphs 10 or 11 of this Order is present. A party intending to use Highly Confidential Credit Suisse Discovery Material and Credit Suisse will separately meet and confer to agree on the protocol for the treatment and use of Highly Confidential Credit Suisse Discovery Material in the examination of a witness who has been subpoenaed or otherwise called to testify at trial, hearing, or deposition in this action and has not executed the Non-Disclosure Agreement attached hereto as Exhibit 1 as soon as is reasonably practicable and, in any event, no later than five (5) calendar days prior to the trial, hearing, or deposition where the Highly Confidential Credit Suisse Discovery may be used.

8.      If at any time prior to the trial of this action, a party—other than Credit Suisse who produced and originally designated such material—believes that some portion[s] of Credit Suisse Discovery Material were previously produced without a proper confidentiality designation (including that the Credit Suisse Discovery Material should have been produced with a less

5

restrictive designation), that party may notify all parties and Credit Suisse in writing, and such designated portion[s] of the Credit Suisse Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order until any dispute about the proper confidentiality designation is resolved. In addition, Credit Suisse and the party seeking a new confidentiality designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Credit Suisse Discovery Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. Pursuant to such ruling, Credit Suisse shall provide to each other party replacement versions of such Credit Suisse Discovery Material that bears the new confidentiality designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9.     If at any time prior to the trial of this action, Credit Suisse realizes that some portion[s] of the Credit Suisse Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may so designate by notifying all parties who received such material in writing, and such designated portion[s] of the Credit Suisse Discovery Material will thereafter be treated pursuant to the replacement designation. In addition, Credit Suisse shall provide all parties with replacement versions of such Credit Suisse Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

10.     Other than Credit Suisse, no person subject to this Order (including any witness to whom Confidential Credit Suisse Discovery Material has been provided pursuant to subparagraph

(d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Confidential Credit Suisse Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

        a.     Plaintiffs, or any other party to this action that first executes a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto ("NDA Parties");

        b.     Plaintiffs' or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this action in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this action;

        c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        d.     any witness who has been subpoenaed or otherwise called to testify at trial, hearing, or deposition in this action, while on the record and in the course of such trial, hearing or deposition, provided that such person has, before disclosure, been advised of the contents of this Order;

        e.     any person retained by Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit 1 hereto;

        f.     stenographers, court reporters, or videographers engaged to transcribe and/or videotape testimony depositions conducted in this action;

g.    independent photocopying services, graphic production services, or litigation support services employed by Representative Plaintiffs or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h.    the Court and its support personnel;

i.    the Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit 1 prior to the disclosure, with such data being limited to contact information for counterparties to Swiss Franc LIBOR-based derivatives transactions with whom Credit Suisse transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

j.    any other person whom Credit Suisse in its sole discretion agrees in writing may have access to such Credit Suisse Discovery Material.

11.    Other than Credit Suisse, no person subject to this Order (including any witness to whom Highly Confidential Credit Suisse Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Highly Confidential Credit Suisse Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

a.    Plaintiffs or NDA Parties' outside counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator,

administrative assistant and/or other assistant employed by such counsel and involved in this action;

   b. in the case of any Plaintiffs or NDA Party to the litigation who is a natural person, to that natural person himself; or in the case of any Plaintiffs or NDA Party to the litigation that is not a natural person, to those specific designated representatives of the Plaintiffs or NDA Party who are the primary decision-makers with authority and control over the prosecution or defense of the litigation;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who has been subpoenaed or otherwise called to testify at trial, hearing, or deposition in this action, while on the record and in the course of such trial, hearing or deposition, provided that the party intending to use Highly Confidential Credit Suisse Discovery Material during the examination uses reasonable efforts to obtain the witness's consent to execute a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto and, if the witness declines to execute the Non-Disclosure Agreement, the witness has, before disclosure, been advised of the contents of this Order, provided that, if such person has not executed a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto, as soon as is reasonably practicable and, in any event, no later than five (5) calendar days prior to the trial, hearing, or deposition where the Highly Confidential Credit Suisse Discovery may be used, Credit Suisse shall be notified by the party intending to use the Highly Confidential Credit Suisse Discovery, and the use of the Highly Confidential Credit Suisse Discovery with respect to the witness shall be governed by the protocol to be agreed upon between the party intending to use Highly Confidential Credit Suisse Discovery Material and Credit Suisse in Paragraph 7;

      e.      any person retained by Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit 1 hereto;

      f.      reporters or stenographers engaged to transcribe and/or videotape testimony at depositions conducted in this action;

      g.      independent photocopying services, graphic production services, or litigation support services employed by Plaintiffs or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

      h.      the Court and its support personnel;

      i.      the Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit 1 prior to the disclosure, with such data being limited to contact information for counterparties to Swiss Franc LIBOR-based derivatives transactions with whom Credit Suisse transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

      j.      any other person whom Credit Suisse in its sole discretion agrees in writing may have access to such Credit Suisse Discovery Material.

      12.     Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential Credit Suisse Discovery Material in rendering such advice;

provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Credit Suisse Discovery Material if such disclosure is not otherwise permitted under this Order.

13.     Regarding Credit Suisse Discovery Material related to experts:

a.     The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D) shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

b.     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this action. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

c.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this action. No discovery can be taken from any non-testifying or consulting expert.

d.     No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this action.

e.     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13(a)-(d) shall be treated as attorney work product for the purposes of this action and this Order.

11

14.   Nothing in this Order shall limit Credit Suisse's rights concerning Credit Suisse Discovery Material it produces.

15.   Prior to any disclosure of any Confidential or Highly Confidential Credit Suisse Discovery Material to any person referred to in subparagraphs 10(d) or 11(d) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order. Prior to any disclosure of any Confidential or Highly Confidential Credit Suisse Discovery Material to any person referred to in subparagraphs 10(e) or 11(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition, hearing or trial).

16.   In accordance with the Court's Individual Rules, any party seeking to file with the Court any Confidential or Highly Confidential Credit Suisse Discovery Material, or any papers containing or revealing such information shall contemporaneously (i) file on ECF a notice of motion requesting permission to file such materials under seal, together with redacted versions of the briefing and any supporting materials, (ii) submit unredacted copies to the Court, specifying those portions sought to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, and (iii) serve upon the other parties unredacted copies of such materials. Credit Suisse will have five (5) days thereafter to submit a motion specifying the portions of the Discovery Material to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, as contemplated by this Paragraph and the Court's Individual Rules, or otherwise consenting that the Discovery Material need not be sealed. If the motion to seal is granted by the

Court, such Confidential and Highly Confidential Credit Suisse Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Credit Suisse Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing. Any party to this action may access Confidential or Highly Confidential Credit Suisse Discovery Material filed under seal with the Court, and shall be subject to this Order with respect to any Confidential or Highly Confidential Credit Suisse Discovery Material filed under seal, including but not limited to the confidentiality restrictions set forth in paragraphs 10 and 11. Nothing in this paragraph, however, shall preclude Credit Suisse from filing Confidential or Highly Confidential Credit Suisse Discovery Materials that it designated as Confidential or Highly Confidential Credit Suisse Discovery Material in unredacted form without requesting sealing. Further, nothing in this paragraph prevents the party seeking to file with the Court any Confidential or Highly Confidential Credit Suisse Discovery Material, or any papers containing or revealing such information from doing so in unredacted form if the Court denies the motion to seal.

17.    All Credit Suisse Discovery Materials for which a party is granted permission to file under seal pursuant to a separate order of the Court shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of the Court. Such sealed documents shall be released by the Clerk of the Court only upon further order of the Court.

18.    Each person who has access to Credit Suisse Discovery Material produced by Credit Suisse that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

19.     If, in connection with this action, Credit Suisse claims that it has inadvertently produced Credit Suisse Discovery Material that is subject to a claim of privilege or protection, including, without limitation, attorney-client privilege, attorney work product protection, data privacy laws, bank secrecy laws, state secrecy laws or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20.     If a party—other than Credit Suisse—learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Credit Suisse Discovery Material to any person or persons in any circumstance not authorized by this Order, that party must immediately (a) notify Credit Suisse in writing of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the disclosed Confidential or Highly Confidential Credit Suisse Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute a Non-Disclosure agreement in the form annexed as Exhibit 1 hereto.

21.     If Credit Suisse makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

22.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, Credit Suisse shall produce a privilege log with respect to the Inadvertently Disclosed Information.

23.    To the extent a receiving party disagrees that the Inadvertently Disclosed Information is privileged, the parties agree to meet and confer in good faith in attempt to resolve any such disputes. If the parties are unable to resolve any such disputes, the receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed in accordance with paragraphs 16-17, and the fact of the production of the Inadvertently Disclosed Information shall not constitute a waiver of any applicable privilege or protection, provided that the producing party asserting the claim of privilege shall have the burden of proving the inadvertence of the production, as well as all other elements required to establish its claim of privilege or protection..

24.    Credit Suisse retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

25.    Credit Suisse may designate Credit Suisse Discovery Material it produces to a party in this action as "Confidential" or "Highly Confidential" consistent with the terms of this Order, even if Credit Suisse is no longer a named party to this action. In such circumstances, Credit Suisse Discovery Material designated Confidential or Highly Confidential by the non-party Credit Suisse shall be assigned the same protection as Credit Suisse Discovery Material so designated by Credit Suisse as a party to this action, and all duties applicable to a party under this Order shall apply to a non-party Credit Suisse designating Credit Suisse Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to parties receiving Credit Suisse Discovery Material shall apply to any party receiving Credit Suisse Discovery Material from such non-party Credit Suisse.

26.    If, at any time, any Credit Suisse Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to Credit Suisse and its counsel and include with that notice a copy of the subpoena or request. To the extent permitted by law, the person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to Credit Suisse and its counsel in order to provide Credit Suisse a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Credit Suisse Discovery Material. If the person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed shall, to the extent permitted by law, notify Credit Suisse and its counsel of this fact. In no event shall such Credit Suisse Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing Credit Suisse an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that the Credit Suisse Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Credit Suisse Discovery Material. The production of Confidential or Highly Confidential Credit Suisse Discovery Material pursuant to a subpoena or request shall not cause such Confidential or Highly Confidential Credit Suisse Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material.

27.     In order to expedite production of voluminous materials, if Credit Suisse is producing Credit Suisse Discovery Material previously produced to a regulator or to another party in another litigation, Credit Suisse may designate those collections of documents that by their nature contain Confidential or Highly Confidential Credit Suisse Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the confidentiality designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection asserted.

28.     Confidential or Highly Confidential Credit Suisse Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any governmental authority (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such governmental authority, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Credit Suisse Discovery Material solely because it was or is so produced, regardless of whether such governmental authority made or makes such Confidential or Highly Confidential Credit Suisse Discovery Material available to one or more third parties.

29.     The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential Credit Suisse Discovery Material at hearings or at the trial of this action not fewer than five (5) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing

or trial. This paragraph does not preclude the use of Confidential or Highly Confidential Credit Suisse Discovery Material, whose relevance become material during the course of trial, at which point Plaintiffs shall use their reasonable best efforts to immediately meet and confer with Credit Suisse regarding the use of the Confidential or Highly Confidential Credit Suisse Discovery Material. The use of Confidential or Highly Confidential Credit Suisse Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Credit Suisse Discovery Material to lose its status as Confidential or Highly Confidential Credit Suisse Discovery Material.

30.     This Order shall survive the termination of the litigation. The Court retains jurisdiction over parties, counsel for parties, and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of Credit Suisse, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential Credit Suisse Discovery Material and all copies of such material shall be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of Credit Suisse's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential Credit Suisse Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this litigation, which reflect, summarize or otherwise refer to Confidential or Highly Confidential Material, and copies of any of the foregoing retained by counsel, so long as such material is clearly marked to

reflect that it contains such information and the person retaining such material otherwise complies with this Order with respect to such retained material.

31.    This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

32.    This Order may be modified only by agreement of counsel for Plaintiffs and counsel for Credit Suisse or by an order of this Court.

33.    Nothing herein shall preclude any party from seeking modification of this Order or additional protection for particular documents for good cause.

34.    By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

35.    During the pendency of this action only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

36.    This Stipulation and Order may be executed in counterparts.

**SO STIPULATED AND AGREED.**

Counsel for Representative Plaintiffs

Counsel for Credit Suisse Group AG and
Credit Suisse AG

Vincent Briganti
Geoffrey M. Horn
Raymond P. Girnys
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
ghorn@lowey.com
rgirnys@lowey.com

Joel Kurtzberg
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3120
jkurtzberg@cahill.com

**IT IS SO ORDERED.**

DATED: _April 1, 2024_

THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

20

## EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to SONTERRA CAPITAL MASTER FUND LTD., FRONTPOINT EUROPEAN FUND, L.P., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP ENHANCED FUND, L.P., FRONTPOINT HEALTHCARE FLAGSHIP FUND, L.P., FRONTPOINT HEALTHCARE HORIZONS FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., FRONTPOINT UTILITY AND ENERGY FUND L.P., HUNTER GLOBAL INVESTORS FUND I, L.P., HUNTER GLOBAL INVESTORS OFFSHORE FUND LTD., HUNTER GLOBAL INVESTORS SRI FUND LTD., HG HOLDINGS LTD., HG HOLDINGS II LTD., RICHARD DENNIS, and the CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated, | Docket No. 15-cv-00871 (SHS) |
| Plaintiffs, | |
| - against - | |
| CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, JPMORGAN CHASE & CO., NATWEST MARKETS PLC, UBS AG, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, TP ICAP PLC, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (USA) INC., TULLETT PREBON FINANCIAL SERVICES LLC, TULLETT PREBON (EUROPE) LIMITED, COSMOREX AG, ICAP EUROPE LIMITED, ICAP SECURITIES USA LLC, NEX GROUP LIMITED, INTERCAPITAL CAPITAL MARKETS LLC, GOTTEX BROKERS SA, VELCOR SA AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

## NON-DISCLOSURE AGREEMENT

2

I, _____, acknowledge that I have read and understand the

Stipulation and Protective Order Governing Materials Produced by Credit Suisse Group AG and

Credit Suisse AG (collectively, "Credit Suisse") (the "Protective Order") in this action. I agree that

I will use Credit Suisse Discovery Material solely for the prosecution or defense of this action and

for no other purpose and that I am subject to the terms of the Protective Order. For the avoidance

of doubt, I agree that I will not disclose Credit Suisse Discovery Material, including Credit Suisse

Discovery Material designated as Confidential or Highly Confidential, except as authorized by the

Protective Order, and that at the conclusion of the litigation I will return all Credit Suisse Discovery

Material I have received to the party or attorney from whom I received it. By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction

of the United States District Court for the Southern District of New York for the purpose of any

issue or dispute arising hereunder and that my willful violation of any term of the Protective Order

could subject me to punishment for contempt of Court.


DATED: _____    _____
                                          [NAME]

2